**CAPITAL BUILDING SUPPLIES, INC., Appellant (Defendant Below),**

v.

**James G. MILLER, and Shirley Miller, Appellees (Plaintiffs Below).**

**No. 29A04–8806–CV–180.**

Court of Appeals of Indiana, Fourth District.

April 4, 1989.

David L. Simmons, Richard S. Pitts, Lowe Gray Steele & Hoffman, Indianapolis, for appellant.

David M. Adams, Richards, Adams, Boje & Pickering, Noblesville, for appellees.

CHEZEM, Judge.

### Statement of the Case

Defendant-appellant, Capital Building Supplies, Inc. (hereinafter, Capital), appeals the trial court judgment ordering Capital to pay $750.00 as costs of collection to plaintiffs-apellees, (Millers), pursuant to Small Claims Rule 11(D).

We reverse.

### Issue

Whether the trial court erred when it ordered Capital to pay $750.00 in attorney's fees to the Millers as costs of collection pursuant to Small Claims Rule 11(D).

### Facts

In 1983, the Millers brought an action in small claims court against Capital regarding defective windows. The court entered judgment favoring the Millers for $1,326.72. The Millers attempted to collect the judgment through execution, but Capital obtained a stay of execution in order to appeal the judgment.

On June 2, 1987, the Court of Appeals affirmed the judgment, 508 N.E.2d 836, and Capital subsequently paid $1,326.72 to the Millers. The Millers then filed a Verified Amended Petition for Costs of Collection, citing legal fees expended to defend the appeal. The trial court ordered Capital to pay the Millers $750.00 as costs of collection, pursuant to Small Claims Rule 11(D).

Capital filed a motion to correct errors, which was denied.

### Discussion

Small Claims Rule 11(D) reads as follows:

Collection. The judgment creditor may enforce his judgment by any method provided by law. The court may order the judgment debtor to pay any reasonable collection costs incurred by the judgment creditor. If formal collection procedures are unsuccessful, and if the judgment creditor has been required to pay any fees to the court for the purpose of pursuing formal collection, the court may, in its discretion, order that all or a portion of the collection fees be refunded.

Since there are no Indiana cases interpreting Small Claims Rule 11(D), this is a case of first impression.

On its face, Rule 11(D) does not authorize the court to order that all or a portion of costs incurred for an *appeal* be refunded. Nor does it mention attorney's fees. Rule 11(D) allows only "formal collection" fees to be refunded. "Collection costs" are not defined in the small claims rules, or by Indiana statute. Therefore, we must look to the plain meaning of the phrase "collection costs."

Indiana law is replete with cases defining "costs." The common law "American" rule is that attorney's fees are not to be grouped into the term "costs." Generally parties are required to pay their respective attorney fees:

The general rule requires each party to the litigation to pay his own counsel fees.

Attorney's fees are not allowable in the absence of a statute, or in the absence of some agreement or stipulation specially authorizing the allowance thereof.

*Trotcky v. Van Sickle* (1949), 227 Ind. 441, 85 N.E.2d 638, 640.

This general rule has been restated repeatedly throughout Indiana common law but has acquired a few exceptions, as stated in *Downing v. City of Columbus* (1987), Ind.App., 505 N.E.2d 841, 845:

> In Indiana, as in the federal court system, the prevailing litigant is not entitled to collect a reasonable attorney's fee from the loser, absent a statutory or contractual provision to the contrary. [*Citing Trotcky, supra*] However, there are certain uses of the trial court's equitable powers which have been recognized as exceptions to this rule.... [such as] "obdurate behavior" and "common fund" exceptions.

However, if either of these exceptions applied to Capital, the trial court has not set forth any findings to support such application.

█ We acknowledge that the trial court was attempting to avoid the obvious unfairness of the plaintiff's rightful recovery being diminished by attorney's fees to defend the judgment upon appeal. However, the Small Claims Rule 11(D) does not provide such relief for litigants, even though we think it should as noted by the dissent.

In light of the well-established American Rule and the common meaning of collection costs, we hold that the trial court erred by ordering Capital to pay $750.00 in attorney fees for an appeal under Small Claims Rule 11(D) without a finding that Capital's refusal to pay the judgment was a result of obdurate behavior on the part of Capital. We reverse.

CONOVER, P.J., concurs.

HOFFMAN, J., dissents with opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent.

The purpose behind the relevant Indiana statutes and the Rules for Small Claims was to provide an inexpensive and speedy method of obtaining judicial determination of claims for small amounts of money. The interpretation placed on S.C. 11(D), by the majority, is inconsistent with that purpose.

When the rule addresses collection costs, it is referring to all the expenses incurred by the judgment creditor in collecting his judgment and not restricted to only court costs. The last sentence of the rule reads: "If formal collection procedures are unsuccessful, and if the judgment creditor has been required to pay any fees to the court for the purpose of pursuing formal collection, the court may, in its discretion, order that all or a portion of the collection fees be refunded."

This rule speaks of court costs or fees payed to the court. Thus a clear distinction is demonstrated within the rule itself as to court costs or fees and collection costs. The words "collection cost" clearly go beyond the definition of costs as defined in Indiana case law.

I would affirm the trial court.