Rita WENRICK, et al., *v.* Paula CRATER and Hartford Casualty Insurance Company

93-571                                                    868 S.W.2d 60

Supreme Court of Arkansas
Opinion delivered December 20, 1993
[Rehearing denied February 7, 1994.]

*Frederick S. "Rick" Spencer*, for appellants.

*Frye, Mickel & Boyce, P.A.*, by: *Thomas W. Mickel*, for appellees.

ROBERT H. DUDLEY, Justice. The insured, appellant Rita Wenrick, was injured in a car wreck which was caused by the negligence of the tortfeasor, Paula Crater. Appellant Wenrick was insured by appellee, Hartford Casualty Insurance Company, and made a claim for benefits under the personal injury protection, PIP, coverage of her policy. The insured subsequently filed suit for damages against the tortfeasor. After discovering that the insured would not protect its PIP lien and its right to reimbursement, Hartford filed a complaint in intervention, alleging a lien of $10,824.00. The insured did not respond to Hartford's complaint in intervention. The case was tried, and the jury awarded the insured a $26,000.00 verdict against the tortfeasor. Later, in an effort to have its lien reduced to judgment, Hartford filed a motion for a default judgment on its complaint in intervention. At the hearing on the motion, the sole question was the amount of the "cost of collection" to be deducted from the insurer's lien.

The applicable statute, Ark. Code Ann. § 23-89-207 (1987), in the material part, provides:

> (a) Whenever a recipient of [PIP] benefits recovers in tort for injury, ..., the insurer paying the benefits has a right of reimbursement and credit out of the tort recovery ..., less the cost of collection, as defined.
>
> (b) All cost of collection thereof shall be assessed against insurer and insured in the proportion each benefits from the recovery.

*Id.* § 23-89-207 (emphasis added).

In its original order on the cost of collection the trial court found:

> In the first accounting ..., there were duplicative expenses including several thousand dollars of medical bills for medical treatment; charges for no less than two economic experts; charges for medical and psychological evaluations and treatment; charges for aerial views of the accident scene; and other items which totaled $15,315.15. . . .
>
> The second accounting . . . contains numerous duplications of expense which were also duplicated in the first accounting; there are expenses which either have no explanation at all or are expenses which are not costs of collection, such as medical bills; and Plaintiffs purport to charge Hartford for telephone calls as before, an item which common sense dictates should be considered as simply office overhead which is paid for by the Plaintiffs' attorneys' fee. This time, the costs are $8,515.15. . . .

The trial court concluded the order by providing that it interpreted the statutory phrase "cost of collection" to mean reasonable costs, and that it "could find no justification for saddling Hartford with expenses incurred in trying to obtain a six-figure judgment." The insured appeals and contends that the circuit court had no discretion to deny costs, but instead was bound to award all costs claimed by the insured. We affirm the ruling of the circuit court.

■■ The insured's argument actually addresses two issues. First, does the trial court have discretion to determine whether an expense is a cost of collection? The statute provides that "cost of collection" is defined, but, in fact, the statute does not contain a definition. Under these circumstances, we have said that when words have been palpably omitted from a statute, we will read the qualifying expression into the sense of the provision plainly implied by the general context of the act in order to prevent the legislative purpose from failing. *Dooley* v. *Hot Springs Family YMCA*, 301 Ark. 23, 781 S.W.2d 457 (1989); *Snowden* v. *Thompson*, 106 Ark. 617, 153 S.W. 823 (1913). In this case we have no hesitancy in giving a common sense definition to the words "cost of collection." We construe the phrase to mean expenses such as court costs, cost of service of process, cost of witness fees, cost of depositions, cost of attorney fees, and other similar expenses. In this case the insured initially submitted a list of costs of collection that included a claim of $7,500 for treatment of the insured by a chiropractor. In oral argument, the insured's counsel candidly admitted the claim was erroneously submitted, but, regardless of the reason for submitting the claim, the trial court ruled that an expense incurred solely for the treatment of the insured was not a cost of collection. In oral argument the insured conceded that the trial court had discretion to decide whether an item was a cost of collection. The insured does not argue that the trial court abused its discretion in determining what constituted a cost of collection, and, as a result, we do not consider whether the trial court abused its discretion in determining which of the listed expenses were costs of collection.

■■ The second part of the issue is, once an expense has been determined to be a cost of collection, does the trial court have discretion to limit that expense to a reasonable amount? The insured contends that, once the trial court has determined an expense is a cost of collection, the trial court has no discretion whatsoever to limit the amount of that expense. For example, in oral argument, the insured contended that if the trial court ruled that the attorney's fee was a cost of collection, and if the insured had agreed to a sixty percent contingency fee with his or her personal attorney, the trial court would not have any authority to limit the fee to a reasonable amount, but rather would be

bound to award the sixty percent. The argument is without merit. Both this court and the court of appeals have construed the statute to mean that the trial court should award a reasonable fee. *National Inv. Fire & Casualty Ins. Co.* v. *Edwards*, 5 Ark. App. 42, 633 S.W.2d 41 (1982); *Northwestern Nat'l Ins.* v. *American States Ins.*, 266 Ark. 432, 585 S.W.2d 925 (1979). These holdings are confirmed in another way. We have often written that in determining legislative intent we will look to comparable statutes on the same subject. *See Arkansas Vinegar Co.* v. *Ashby*, 294 Ark. 412, 743 S.W.2d 798 (1988). Section 16-22-308 of the Arkansas Code Annotated is on the same subject and provides:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, ware, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a *reasonable attorney fee* to be assessed by the court and collected as costs.

*Id.* § 16-22-308 (Supp. 1993) (emphasis added).

Even though we hold that the trial court has some discretion in fixing the amounts of the costs of collection, it is a limited discretion. We recognize that the plaintiff's attorney is the one solely responsible for his or her trial strategy in matters such as how many expert witnesses to call, and it would constitute an invasion of that attorney's responsibility to give the trial court authority to second guess the reasonableness of the attorney's strategy. However, in this case, the insured does not argue that the trial court abused its discretion, and we need not delve further into the matter. Here, the sole contention is that the trial court had no authority whatsoever to determine the reasonableness of the costs, and that argument is without merit.

Affirmed.