## A02A0462. ARBOR STATION HOMEOWNERS SERVICES, INC.
## v. DORMAN.
### (567 SE2d 102)

BARNES, Judge.

Arbor Station Homeowners Services, Inc. appeals the trial court's judgment holding that the declaration of covenants and restrictions recorded in 1976 expired in 1996, awarding $369.40 against a property owner, and denying attorney fees. Because we find that the trial court erred in holding that the declaration expired, we reverse in part. We affirm, however, that portion of the trial court's order denying an award of attorney fees.

Arbor Station is a homeowners association authorized by a declaration of covenants and restrictions to levy and collect assessments for common expenses from property owners in the Arbor Station development. It sued property owner Catherine M. Dorman for unpaid assessments of $547.47, plus costs, late charges, interest, and attorney fees. After Dorman answered and both parties moved for summary judgment, the trial court issued an order finding that Dorman owed assessments from the date she bought the property through May 6, 1996, the date the restrictive covenants expired.

After Arbor Station unsuccessfully sought interlocutory appeal of this order, the trial court held a hearing on damages at which Arbor Station presented evidence that accrued assessments totaled $133.74 principal and $42.66 interest, as well as $93 court costs. Arbor Station also presented evidence that its attorney fees and costs to date totaled $8,978.04. The trial court awarded the assessment, interest, court costs, and "$100 rather arbitrarily as other reasonable expenses," for a total of $369.40. It declined to award attorney fees.

Arbor Station argues on appeal that the trial court erred in (1) holding that the declaration expired 20 years after it was recorded, so that Dorman was not liable for assessments after May 6, 1996; (2) considering defendant's late brief in opposition to summary judgment; and (3) awarding no attorney fees and only $100 costs.

1. Arbor Station contends that the trial court erred in holding that the declaration expired after 20 years pursuant to OCGA § 44-5-60 (b), because the document itself provided that the covenants and restrictions in the declaration "shall be automatically extended for successive periods of ten (10) years." When the declaration was recorded in 1976, the statute provided that "covenants restricting lands to certain uses shall not run for more than 20 years in municipalities which have adopted zoning laws nor in those areas in counties for which zoning laws have been adopted." A subsequent amendment provided that these covenants in planned developments of 15 or more plots would automatically renew for 20-year periods, OCGA

§ 44-5-60 (d) (1), but the statute in 1976 contained no such renewal provision.

However, pretermitting whether the restrictions in the declaration automatically renewed, the covenant that Arbor Station seeks to enforce here does not restrict the use of the land. Rather, it is an annual assessment to be used "exclusively to promote the recreation, health, safety and welfare of the resident of the Properties and in particular for the improvement, maintenance and operation of the Common Area and facilities." In holding that a trial court erred in finding that a restrictive covenant mandating assessments to maintain amenities in a subdivision had to be affirmatively accepted because it did not pertain to land use, the Supreme Court of Georgia noted that "[t]he purpose of mandatory assessments is to maintain the common property in the subdivision for the use and enjoyment of all owners." *Timberstone Homeowner's Assn. v. Summerlin*, 266 Ga. 322, 324 (467 SE2d 330) (1996).

Because the trial court erred in holding that the covenant mandating payment of assessments expired in 1996, we reverse that portion of the trial court's order and remand for a determination of the assessments and interest Dorman owes to the association.

2. Arbor Station further contends that the trial court erred in considering Dorman's late-filed response to its motion for summary judgment. The record shows that Arbor Station's motion was filed on May 8, 2000, and Dorman's response was filed June 19, 2000. The trial court held: "Although Defendant's response to Plaintiff's Motion for Summary Judgment was untimely, the Court finds the interests of justice are served by considering Defendant's response, so that the case is decided on its merits."

The trial court has discretion in determining whether to consider an untimely response. *Fowler v. Smith*, 237 Ga. App. 841, 843 (1) (516 SE2d 845) (1999). We find no abuse of discretion here.

3. Finally, Arbor Station contends that the trial court erred in refusing to award attorney fees against Dorman. The declaration provides that the assessments, "together with interest thereon and costs of collection thereof as hereinafter provided, shall be a charge on the land and shall be a continuing lien," as well as a personal obligation of the property owner. The declaration later specifies the interest as six percent and provides that the association may bring an action at law against the owner personally obligated or foreclose the lien against the property, but does not mention attorney fees.

"The general rule is that expenses of litigation, including attorney's fees, are not recoverable by a litigant against the opposite party except in those cases which are specifically provided for by contract or by statute. [Cit.]" *Hickman v. Frazier*, 128 Ga. App. 552 (1) (197 SE2d 441) (1973). "The record in this case is devoid of any evidence

showing an exception to this general rule. Further, there is no statutory provision authorizing recovery of attorney fees by a [plaintiff]. . . ." *Johnson v. G.A.B. Business Svcs.*, 170 Ga. App. 686 (1) (318 SE2d 78) (1984). The trial court did not err in declining to award attorney fees to Arbor Station.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 18, 2002.

*Weissman, Nowack, Curry & Wilco, George E. Nowack, Jr., Charles B. Waters, Jr., Richard S. Loudermilk,* for appellant.

*Joel E. Dodson,* for appellee.