NEGRO NEST, LLC, d/b/a Servpro of Springfield, Plaintiff-Appellee, v. MID-NORTHERN MANAGEMENT, INC., Defendant-Appellant.

Fourth District   No. 4—04—0333

Opinion filed December 1, 2005.

John E. Kerley, of Kerley & Associates, P.C., of Springfield, for appellant.

Samuel J. Witsman and Jason Anselment, both of Hart, Southworth & Witsman, of Springfield, for appellee.

JUSTICE MYERSCOUGH delivered the opinion of the court:

In October 2002, plaintiff, Negro Nest, LLC, doing business as Servpro of Springfield (Servpro), filed suit against defendant, Mid-Northern Management, Inc. (Mid-Northern), seeking payment for services rendered pursuant to a contract. In November 2003, the parties settled on the amount owed for the services provided but reserved the issues regarding interest, attorney fees, and costs for the trial court's determination. In March 2004, the trial court entered judg-

ment in Servpro's favor, awarding $15,659.87 in attorney fees, costs, and interest.

On appeal, Mid-Northern argues the trial court erred in its award because (1) the parties' contract did not specifically provide a basis for awarding attorney fees and (2) the fees awarded were unreasonable. Because we agree with the first point, we reverse.

## I. BACKGROUND

In February 2002, ServPro entered into a contract with Mid-Northern by which Servpro was to perform cleaning and restoration services on a multiunit apartment complex managed by Mid-Northern. The contract was prepared by ServPro and included a provision stating, "If the undersigned fails to pay for services rendered and collection efforts become necessary, the undersigned agrees to be responsible for *all collection costs incurred*." (Emphasis added.) Servpro performed pursuant to the contract and sent Mid-Northern an invoice for $7,860.66.

Between February and September 2002, Servpro sent six invoices to Mid-Northern. Mid-Northern did not pay the bill. In October 2002, Servpro filed suit seeking $8,744.50 plus interest, reasonable attorney fees, court costs, and all costs of collection. The parties settled in November 2003 for the full amount of the original invoice, $7,860.66, and the remaining issues regarding interest, attorney fees, and costs were left to be determined by the trial court.

In March 2004, the trial court heard oral arguments on the issues. The primary point of contention was whether the contract provision providing for "all collection costs" allowed Servpro to collect for its attorney fees. The trial court held attorney fees are encompassed within "all collection costs." The court entered judgment in Servpro's favor, awarding $12,668.75 in attorney fees, $524.27 costs, and $2,467.85 interest for a total of $15,659.87. This appeal followed.

## II. ANALYSIS

Mid-Northern first contends the trial court erred in awarding attorney fees to Servpro because the court incorrectly found "all collection costs" included attorney fees.

### A. Standard of Review

■ The construction of a contract is a question of law, and the standard of review is *de novo*. *Pennsylvania Life Insurance Co. v. Pavlick*, 265 Ill. App. 3d 526, 529, 637 N.E.2d 1160, 1162 (1994).

### B. Illinois Is an American Rule Jurisdiction

■ Illinois follows the "American Rule," which provides that absent statutory authority or a contractual agreement, each party

must bear its own attorney fees and costs. *Morris B. Chapman & Associates, Ltd. v. Kitzman*, 193 Ill. 2d 560, 572, 739 N.E.2d 1263, 1271 (2000). Statutes permitting the recovery of costs are in derogation of the common law and must be strictly construed. *Calcagno v. Personalcare Health Management, Inc.*, 207 Ill. App. 3d 493, 502, 565 N.E.2d 1330, 1336 (1991). Similarly, contractual provisions providing for attorney fees should also be strictly construed. *Helland v. Helland*, 214 Ill. App. 3d 275, 277-78, 573 N.E.2d 357, 359 (1991). Successful litigants cannot recover attorney fees as costs unless expressly authorized by a statute or agreement using specific language. See *Estate of Downs v. Webster*, 307 Ill. App. 3d 65, 70, 716 N.E.2d 1256, 1260 (1999).

A statute or contract must allow for attorney fees by specific language, such that one cannot recover if the provision does not specifically state that "attorney fees" are recoverable. See *Downs*, 307 Ill. App. 3d at 70, 716 N.E.2d at 1260; *Qazi v. Ismail*, 50 Ill. App. 3d 271, 273, 364 N.E.2d 595, 596-97 (1977).

## C. Seventh Circuit *Boulevard Bank* Opinion

The contract provision at issue calls for recovery of "all collection costs." The contract makes no mention of attorney fees. Plaintiff asks this court to include attorney fees under the umbrella of "collection costs."

Plaintiff relies exclusively on a Seventh Circuit case, *Boulevard Bank National Ass'n v. Philips Medical Systems International B.V.*, 15 F.3d 1419 (7th Cir. 1994), which held "collection costs" included attorney fees under Illinois law. The *Boulevard* court distinguished the general principle that attorney fees are not recoverable unless explicitly authorized by written contract, on the basis that those prior courts had only been construing the term "costs" alone, and not when modified by another term such as "collection." *Boulevard*, 15 F.3d at 1426. The court reasoned that to give effect to the term "collection costs" it was necessary to include attorney fees, the major cost incurred, and that if the parties wanted to exclude attorney fees they would have used the word "costs" alone. *Boulevard*, 15 F.3d at 1426. The court found the term "collection" modified the term "costs" in such a way as to allow recovery under the contract. *Boulevard*, 15 F.3d at 1426. In coming to this conclusion, the court relied on *Meeker v. Fowler*, 35 Ill. App. 3d 313, 341 N.E.2d 412 (1976), which interpreted "collection charge" under section 20 of "An Act in relation to retail installment sales" (Ill. Rev. Stat. 1965, ch. 121½, par. 243) (hereinafter 1965 Act) to include attorney fees.

### D. *Meeker*: An Anomaly Caused by the Interplay of Contracts and Statutory Penalty Provisions

In *Meeker*, the parties signed numerous instruments, during two transactions in 1965 and in 1968, representing the transfer of three grain bins. The trial court found each transaction constituted an installment sales contract that was governed by the version of the act in effect at the inception of each contract. Ill. Rev. Stat. 1965, ch. 121½, pars. 223 through 253; Ill. Rev. Stat. 1967, ch. 121½, pars. 501 through 533 (hereinafter 1967 Act). The trial court found the seller noncompliant with the acts and implemented sanctions under two provisions, including denying the seller recovery of his attorney fees because the court believed the fees constituted a "collection charge," forfeited under one of the statutory penalty provisions. The appellate court reversed the trial court in part, finding the 1968 transaction did not fall within the 1967 Act, but also remanded the cause for a determination of whether the 1965 transaction fell within the 1965 Act. *Meeker*, 35 Ill. App. 3d at 320-21, 341 N.E.2d at 417-18. The court, in *dicta*, went on to address whether, if the 1965 transaction did fall within the 1965 Act, the seller could be denied recovery of his attorney fees as a statutory penalty for his noncompliance.

Section 20 of the 1965 Act stated in part, "[a]ny person violating [certain provisions of the Act] *** is barred from recovery of any finance charge, delinquency[,] or collection charge *** on the retail installment contract involved." Ill. Rev. Stat. 1965, ch. 121½, par. 243. The seller contended the trial court erred in denying him recovery for his attorney fees as a "collection charge" under the provision. In support, the seller pointed to section 6 of the Act, which allowed the holder of the contract to include contract provisions allowing for recovery of delinquency and collection charges as well as reasonable attorney fees in the instance of default. Ill. Rev. Stat. 1965, ch. 121½, par. 228. The seller argued "collection charge" in section 20 should not be interpreted to encompass attorney fees because the legislature clearly treated collection charges separately from attorney fees in section 6. The *Meeker* court rejected this argument, finding section 6 only applied when holders in compliance with the law were seeking to recover under their contracts. *Meeker*, 35 Ill. App. 3d at 321-22, 341 N.E.2d at 418-19.

The *Meeker* court emphasized the buyers were trying to recover under an additional statutory penalty provision, section 17, which allowed a monetary penalty plus recovery of the buyer's attorney fees if the seller failed to comply with the provisions of the act. *Meeker*, 35 Ill. App. 3d at 322, 341 N.E.2d at 419. Assuming the contract fell under the 1965 Act, the seller's violations would result in (1) the

seller's forfeiture of any finance, delinquency, and collection charges; (2) a monetary penalty against the seller equal to the contract finance charge or 10% of the purchase price; and (3) the seller's payment of the buyer's attorney fees. *Meeker*, 35 Ill. App. 3d at 322, 341 N.E.2d at 419; Ill. Rev. Stat. 1965, ch. 121½, pars. 240, 243. Given the penalty provisions and the seller's violation of the law, the court concluded it would be ironic to allow the seller to recover his attorney fees. *Meeker*, 35 Ill. App. 3d at 322, 341 N.E.2d at 419.

In support, the *Meeker* court stated, "[t]hough the question seems not to have been considered in Illinois, we find authority from other jurisdictions to the effect that 'collection charge' includes attorney's fees." *Meeker*, 35 Ill. App. 3d at 322, 341 N.E.2d at 419, citing *Ben Construction Corp. v. Snushall*, 44 Misc. 2d 878, 254 N.Y.S.2d 948 (1964); *General Finance Co. v. Powell*, 114 Mont. 473, 138 P.2d 255 (1943); *McClain v. Continental Supply Co.*, 66 Okla. 225, 168 P. 815 (1917). The *Meeker* court was attempting to give effect to the penalty provision within the context of the entire 1965 Act but in doing so, interpreted statutory language to include attorney fees absent express language. We find *Meeker* unpersuasive in the present case and contrary to prevailing Illinois law.

### E. Authorities Underpinning *Meeker*

As already noted, *Meeker* relied on authority from three other American Rule jurisdictions in reaching its conclusion. At issue in *Ben Construction Corp.*, 44 Misc. 2d 878, 254 N.Y.S.2d 948, was a penalty provision in an act governing retail installment contracts. The plaintiff was seeking liquidated damages and attorney fees pursuant to a contract provision allowing for such in the event of defendant's breach. *Ben Construction Corp.*, 44 Misc. 2d at 880, 254 N.Y.S.2d at 950. The trial court found the plaintiff noncompliant with the governing act and applied the act's penalty provision. *Ben Construction Corp.*, 44 Misc. 2d at 881, 254 N.Y.S.2d at 951. The court denied the plaintiff recovery, finding the damages and attorney fees were forfeited as delinquency and collection charges pursuant to the act. *Ben Construction Corp.*, 44 Misc. 2d at 881, 254 N.Y.S.2d at 952.

In *General Finance Co.*, 114 Mont. at 475, 138 P.2d at 256, at issue was a guaranty contract providing for " 'all collection expenses.' " The court held attorney fees were recoverable as a collection expense because the plaintiff was forced to file suit to collect. *General Finance Co.*, 114 Mont. at 481, 138 P.2d at 258. The *General Finance Co.* court relied on *Wood v. Ferguson*, 71 Mont. 540, 230 P. 592 (1924), an earlier Montana case. *General Finance Co.*, 114 Mont. at 481, 138 P.2d at 258. *Wood* held the negotiability of a note providing for " 'attorney's fees

*and* all costs of collection' " was not destroyed even though the govern-
ing statute only allowed for " 'costs of collection *or* an attorney's
fee.' " (Emphases in original.) *Wood,* 71 Mont. at 549, 230 P. at 594,
quoting Rev. Codes 1921, § 8409. Relying in part on *McClain,* 66 Okla.
225, 168 P. 815, the *Wood* court held " 'cost of collection' " and " 'at-
torney's fees' " were synonymous under the statute and note. *Wood,*
71 Mont. at 549-50, 230 P. at 594, quoting Rev. Codes 1921, § 8409.

In *McClain,* the court considered whether a promissory note al-
lowing for " 'collection fees' " rendered the note nonnegotiable. *Mc-
Clain,* 66 Okla. at 226, 168 P. at 816. The court held " 'collection
fees' " was essentially synonymous with "attorney's fees," "costs of
collection," or "expenses of collection" and did not render a note non-
negotiable. *McClain,* 66 Okla. at 228, 168 P. at 817-18. The court
stated as follows:

> "In a strict legal sense 'collection fees' might be a broader term
> than 'attorney's fees,' for 'collection fees' might embody expenses
> involved in endeavoring to collect said note by some person other
> than a licensed attorney and so this might be true of 'costs of col-
> lection'; however, the courts in determining the meaning of these
> stipulations, so far as we have been able to ascertain, have all
> treated them as synonymous terms when used in promissory notes
> and holding that it was a provision or stipulation to reimburse the
> payee and his assignees for an attorney's fee." *McClain,* 66 Okla.
> at 228, 168 P. at 818.

F. Survey: Attorney Fee Recoverablity Under Broader Phraseology

### 1. *Negotiable Instruments*

In the context of negotiable instruments, particularly promissory
notes, there appears to be general acceptance that provisions for "costs
of collection" are either synonymous with "attorney fees" or are suf-
ficient to overcome the American Rule. See Black's Law Dictionary
373 (8th ed. 2004) (defining "costs of collection" as "[e]xpenses
incurred in receiving payment of a note; esp., attorney's fees created
in the effort to collect a note"); *Philadelphia National Bank v. Buch-
man,* 314 Pa. 343, 348-49, 171 A. 589, 591 (1934) (note allowing for
recovery of " 'all legal costs, and expenses of collection, including an
attorney's fee' " is still negotiable even though statute allows for "
'costs of collection or an attorney's fee' [(56 Purd. Stat. § 2)]" because
"or" in statute is not material and the phrases are synonymous);
*Paulman v. Filtercorp, Inc.,* 127 Wash. 2d 387, 394, 899 P.2d 1259,
1262 (1995) (" 'costs of collection' " clause in note presumably includes
attorney fees and court costs); *Cox v. Hagan,* 125 Va. 656, 680, 100
S.E. 666, 674 (1919) (provision in note providing for " 'costs of collec-

tion' " refers not to the costs of suit, which are allowed by law, but to attorney fees expended in attempting to collect on the note); *McClain*, 66 Okla. at 228, 168 P. at 817-18 (provision in promissory note for " 'collection fees' " did not render it nonnegotiable because the phrase is synonymous with "attorney's fees," "costs of collection," and "expenses of collection"); *Wood*, 71 Mont. at 549, 230 P. at 594 (note is negotiable even though it allows for " 'attorney's fees *and* all costs of collection' " because " 'costs of collection' " and " 'attorney's fees' " are synonymous under negotiable-instruments statute and note (emphasis in original)), quoting Rev. Codes 1921, § 8409); *Pepperell Trust Co. v. Mehlman*, 155 Me. 318, 319-21, 154 A.2d 161, 162-63 (1959) (note providing recovery of " 'all cost and other expenses attendant to enforcing payment of this note' " and " 'all expenses, if any are incurred, of foreclosure of this mortgage, together with all costs and other expenses attendant to enforcing payment of this note with interest on said sums' " allows for the recovery of reasonable attorney fees incurred by the mortgagee in protecting his position); *Haczela v. Krupa*, 219 Mass. 261, 106 N.E. 1004 (1914) (attorney fees and costs recoverable as an " 'expense' " under a chattel mortgage).

## 2. *Outside Context of Negotiable Instruments*

Several American Rule jurisdictions have also considered whether attorney fees are recoverable under imprecise statutory and contractual language outside the context of negotiable instruments. Some of these jurisdictions have concluded "collection costs" or other imprecise statutory language does include attorney fees. See *Leavitt v. Hamelin*, 126 N.H. 670, 495 A.2d 1286 (1985) (court interpreted " 'all reasonable costs of collection' [(N.H. Rev. Stat. Ann. § 544—A:2 (1985))]" under a statute governing bad checks to include attorney fees); *Wenrick v. Crater*, 315 Ark. 361, 364, 868 S.W.2d 60, 61 (1993) (statute giving insurer the right to reimbursement less the " 'cost[s] of collection' [(Ark. Code Ann. § 23—89—207 (1987))]" held the commonsense definition of the phrase includes, among other things, attorney fees); *Davidson v. Munsey*, 29 Utah 181, 188, 80 P. 743, 744 (1905) (attorney fees recoverable as an expense under a contempt statute allowing for " 'costs and expenses' [(Rev. Stat. 1898 § 3368)]"); *In re Loudenslager*, 113 N.J. Eq. 418, 422-23, 167 A. 194, 196 (1933) (phrase " 'costs[ ] and expenses' [(3 Comp. St. 1910, § 196, at 3884)]" in Orphans Court Act includes attorney fees).

Some jurisdictions have interpreted similar contract provisions as including attorney fees. See *Wrenfield Homeowners Ass'n v. DeYoung*, 410 Pa. Super. 621, 627-29, 600 A.2d 960, 963-64 (1991) (" 'costs of collection' " in a homeowners association covenant allows the associa-

tion to recover its attorney fees upon suit to recover association dues; noting the phrase is synonymous with "attorney fees" in the context of promissory notes and negotiable instruments law); *Top Line Distributors, Inc. v. Spickler*, 525 A.2d 1039, 1041 (Me. 1987) (Maine court held the phrase " 'cost[s] of collection' " in a guaranty contract to indemnify is essentially a promissory note, in which case it is synonymous with "collection fees," "expenses of collection," or "attorneys' fees"); *Coast Lumber Co. v. Aetna Life Insurance Co.*, 22 Idaho 264, 272, 125 P. 185, 187 (1912) (provisions in insurance contract that insurance company will " 'pay the expense of litigation' " and " 'will, at its own cost, defend such suit in the name and on behalf of the Assured' " were clear and express promises to pay the costs incurred in defending a suit against the assured and attorney fees are part of these costs); *Terry v. Terry*, 70 Idaho 161, 169, 213 P.2d 906, 910 (1950) (attorney fees recoverable under escrow agreement providing for reimbursement for " 'all expenses and liabilities incurred in connection with the escrow agreement' "); *Brady v. Dilley*, 27 Md. 570, 582 (1867) (attorney fees properly awarded under terms of a deed of trust providing for recovery of " 'all just and reasonable expenses, costs, charges[,] and commissions' " attending the due execution of the trust).

At the same time, some courts have rejected the notion "collection costs" or "costs of collection" encompasses attorney fees. In *Capital Building Supplies, Inc. v. Miller*, 536 N.E.2d 297 (Ind. App. 1989), an Indiana court held the plaintiff could not recover attorney fees expended in defending a judgment on appeal as "collection costs" under an Indiana small claims rule. The rule allowed for the recovery of " 'reasonable collection costs' " and " 'formal collection' " fees. *Capital Building Supplies*, 536 N.E.2d at 298, quoting Small Claims R. 11(D). The majority based its holding on its interpretation of the American Rule, including that attorney fees are generally not regarded as "costs," and its belief as to the plain meaning of the phrase "collection costs." *Capital Building Supplies*, 536 N.E.2d at 298-99. In addition, a Georgia court found " 'costs of collection' " in a real estate covenant was insufficient language to overcome the American Rule and refused to award attorney fees. *Arbor Station Homeowners Services, Inc. v. Dorman*, 255 Ga. App. 866, 867-68, 567 S.E.2d 102, 104 (2002).

At least two jurisdictions have determined the word "expense" varies depending on the context. In *Sears v. Inhabitants of Nahant*, 215 Mass. 234, 240, 102 N.E. 491, 493 (1913), after examining several prior decisions, the Supreme Judicial Court of Massachusetts noted "expense" was capable of multiple meanings. In *Sears*, the court

concluded the statute at issue did not allow the town to recover attorney fees absent clear legislative intent through unmistakable language. *Sears*, 215 Mass. at 241, 102 N.E.2d at 494. In *Haczela v. Krupa*, 219 Mass. at 263, 106 N.E. at 1004, the same court held attorney fees and costs incurred in defense of an equity suit were recoverable as " 'expenses *** sustained *** in relation' " to property as provided for by a chattel mortgage. The court stated, " '[e]xpense' is a word of somewhat varying significance. But, when used in mortgages, it has been held to be broad enough to include reasonable counsel fees." *Haczela*, 219 Mass. at 263, 106 N.E. at 1004.

In *Prudential Insurance Co. of America v. Goldsmith*, 239 Mo. App. 188, 197-98, 192 S.W.2d 1, 4 (1945), the Missouri Court of Appeals held attorney fees were not recoverable under a bond provision allowing for " 'loss, expense[,] and damage.' " The court noted when "costs" or "expenses" is used in a statute it generally does not encompass attorney fees. *Prudential*, 239 Mo. App. at 197, 192 S.W.2d at 4. The court also stated that while attorney fees are generally not recoverable under a contract provision for the payment of "expenses," they have been held recoverable as an "expense of litigation" under a liability insurance policy. *Prudential*, 239 Mo. App. at 197, 192 S.W.2d at 4. After observing "[t]he decisions of the various states seem to allow or deny *** attorneys' fees under various facts and are not at all uniform," the court held attorney fees were not recoverable as an "expense" under a strict construction of the contract at issue. *Prudential*, 239 Mo. App. at 197-98, 192 S.W.2d at 4.

In *In re Mason*, 203 S.W.2d 750 (1947), a Missouri Court of Appeals cited *Prudential* with approval for the proposition a contract provision for " 'collection expense[s]' " does not include attorney fees. However, the court did not make a dispositive finding on this issue because the facts did not warrant it. *Mason*, 203 S.W.2d at 759-60.

In *City of Springfield v. Events Publishing Co.*, 951 S.W.2d 366, 374 (Mo. App. 1997), the Missouri Court of Appeals held the phrase " 'at the expense of the public governmental body' [(Mo. Rev. Stat. § 610.027.5 (1994))]" in the Missouri Sunshine Law required the public governmental body to pay its opponent's attorney fees. The court distinguished *Prudential* on the basis that the contract in that case was to be strictly construed while the Sunshine Law was to be liberally construed. *City of Springfield*, 951 S.W.2d at 373-74.

### G. Attorney Fee Recoverability Under Illinois Statutes

"[S]tatutes permitting recovery of costs, being in derogation of the common law, must be strictly construed [citation], and litigants should not be permitted to recover as costs items other than those specified

in the statute authorizing such awards." *Calcagno*, 207 Ill. App. 3d at 502, 565 N.E.2d at 1336. Illinois courts generally refuse to allow recovery for attorney fees unless the statute specifically states that "attorney fees" are recoverable. *Downs*, 307 Ill. App. 3d at 70, 716 N.E.2d at 1260; see *Miller v. Pollution Control Board*, 267 Ill. App. 3d 160, 171-72, 642 N.E.2d 475, 485 (1994) (error to award attorney fees as " 'hearing costs' [(Ill. Rev. Stat 1991, ch. 111½, par. 1042(b)(4))]" under Environmental Protection Act absent specific language); *People ex rel. Henderson v. Redfern*, 104 Ill. App. 2d 132, 135-36, 243 N.E.2d 252, 254 (1968) (award of attorney fees proper only when specifically provided for in statute; improper for court to enlarge " 'cost of the prosecution' [(Ill. Rev. Stat. 1967, ch. 112, par. 14)]" to include attorney fees); *Waller v. Board of Education of Century Community Unit School District*, 28 Ill. App. 3d 328, 331-33, 328 N.E.2d 604, 606-08 (1975) (statutory provision providing liability for an amount " 'not limited to loss of income and costs incurred therein' [(Ill. Rev. Stat. 1971, ch. 122, par. 24—12)]" for "cost of prosecution" does not include attorney fees); *International Federation of Professional & Technical Engineers v. Chicago Park District*, 349 Ill. App. 3d 546, 552, 812 N.E.2d 407, 412 (2004) (absent specific language, " 'disbursements' [(710 ILCS 5/14 (West 2000))]" cannot be interpreted to include attorney fees under the Arbitration Act); *City of Chicago v. Illinois Fair Employment Practices Comm'n*, 34 Ill. App. 3d 114, 117, 339 N.E.2d 260, 262 (1975) (court held Commission's order for payment of attorney fees under the Fair Employment Practices Act was void absent specific language and not within limited exceptions to the American Rule).

### H. Attorney Fee Recoverablity Under Illinois Contracts

In this case, the language at issue is part of a contract and the court must determine the intention of the parties. *J.B. Esker & Sons, Inc. v. Cle-Pa's Partnership*, 325 Ill. App. 3d 276, 285, 757 N.E.2d 1271, 1279 (2001). The words used will be given their plain and ordinary meaning. *Qazi*, 50 Ill. App. 3d at 272, 364 N.E.2d at 596. However, similar to their statutory counterparts, contractual fee-shifting provisions must be strictly construed. *Helland*, 214 Ill. App. 3d at 277-78, 573 N.E.2d at 359.

When faced with cost or expense-shifting provisions in contracts, Illinois courts have consistently refused to read attorney fees into imprecise language. *Reese v. Chicago, Burlington & Quincy R.R. Co.*, 5 Ill. App. 3d 450, 457-58, 283 N.E.2d 517, 522 (1972) ("costs" when used in express indemnity agreements does not include attorney fees and other expenses); *Singleton v. County of Cook*, 53 Ill. App. 3d 994,

995-96, 369 N.E.2d 227, 228-29 (1977) (agreement to " 'indemnify and save harmless' *** 'against all loss, damage[,] or expense *** as a result of any suits, actions[,] or claims of any character' " is insufficient for recovery of attorney fees or expenses; noting "[t]he agreement did not even refer to attorney's fees and costs, and those items are not recoverable"); *Nalivaika v. Murphy*, 120 Ill. App. 3d 773, 777, 458 N.E.2d 995, 997 (1983) (*indemnity agreement providing defendants* " 'further agree to indemnify [plaintiff] *** from any claim of [third-party plaintiffs]' " was not specific enough to support an award of attorney fees because the agreement did not mention attorney fees); *Michaels v. Michaels*, 767 F.2d 1185, 1205 (7th Cir. 1985) (federal court interpreting Illinois law held indemnity agreement releasing defendant " 'from any and all obligations, claims, demands, liabilities, actions, and causes of action' " that the plaintiff then had was insufficient to recover attorney fees in the present action because the contract "made no mention of attorney[ ] fees or costs in the event of a breach").

Notably, in *Qazi*, 50 Ill. App. 3d 271, 364 N.E.2d 595, the First District applied principles of statutory construction to interpret imprecise contractual language. In *Qazi*, the issue was whether attorney fees were recoverable under a contract provision stating as follows: " 'In case of any legal action arising out of the above default, the party in violation will be responsible for all costs and consequences.' " *Qazi*, 50 Ill. App. 3d at 272, 364 N.E.2d at 596. The plaintiff argued attorney fees should be recoverable because legal action was specifically contemplated by the contract and attorney fees are a natural "consequence" of litigation. *Qazi*, 50 Ill. App. 3d at 272, 364 N.E.2d at 596. Seeking guidance from statutory fees provisions, the *Qazi* court stated:

> " 'The legislature has in the past *specifically* provided for attorneys' fees where it wished to, and the courts have refused to interpret imprecise language as permitting attorneys' fees.
>
> * * *
>
> The legislature has determined when attorney's fees should be awarded. It has been done by specific language such as listing 'attorney's fees' to overcome the common[-]law rule. Where they have not used such specific language, the courts have consistently refused to give an expanded reading to the legislative language used.' " (Emphasis in original.) *Qazi*, 50 Ill. App. 3d at 273, 364 N.E.2d at 596-97, quoting *Waller*, 28 Ill. App. 3d at 331, 328 N.E.2d at 606-07.

Applying the rule of statutory construction, the court found it could not award attorney fees as a matter of contractual construction absent specific language. *Qazi*, 50 Ill. App. 3d at 273, 364 N.E.2d at

597. In *Qazi*, no evidence was presented as to the parties' meaning of the word "consequences," and the court refused to interpret it to include attorney fees. *Qazi*, 50 Ill. App. 3d at 273, 364 N.E.2d at 597.

Our survey of American Rule jurisdictions illustrates the uncertainty generated by imprecise cost and fee-shifting provisions. We agree with the Missouri court in its assessment that "the various states seem to allow or deny *** attorneys' fees under various facts and are not at all uniform." *Prudential*, 239 Mo. App. at 197, 192 S.W.2d at 4. While the majority of jurisdictions presented with this issue have taken an expanded view of these provisions, we take a narrower reading of statutory and contractual cost and fee-shifting provisions as we deem Illinois law requires strict construction of same.

■ The American Rule dictates that attorney fees are not recoverable absent express statutory or contractual language. *Downs*, 307 Ill. App. 3d at 70, 716 N.E.2d at 1260. The contract in this case provided for "all costs of collection," and no evidence was presented on the parties' meaning of this phrase. The contract did not specifically provide for attorney fees as required. See *Qazi*, 50 Ill. App. 3d at 273, 364 N.E.2d at 596-97. Contracting parties must make clear their desire to deviate from the rule so the parties have notice of their potential liability when entering into or disputing contracts. Expressly stating that "attorney fees" are recoverable is the clearest and easiest way to do this. Maintaining a bright-line rule is consistent with American Rule principles and strict construction of these provisions. In addition, it promotes certainty in the law, thereby putting parties on notice of their potential liability and reducing litigation.

## III. EPILOGUE

We must therefore reverse the trial court. We find the contract provision allowing for "all collection costs" was not sufficient to allow recovery for attorney fees. As this case illustrates, attorney fees can be a substantial expense and are an important consideration when entering into contracts. As the drafter of the contract and potential seeker of attorney fees, Servpro had the responsibility to clearly apprise Mid-Northern of its potential liability.

Since we find the contract language does not provide for an award of attorney fees, we need not address the question of whether the incurred fees were reasonable.

## IV. CONCLUSION

For the reasons stated, we reverse the trial court's judgment.

Reversed.

STEIGMANN and KNECHT, JJ., concur.