NO. 4-09-0106          Filed 11/20/09

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE HOUSING AUTHORITY OF CHAMPAIGN COUNTY, an Illinois Municipal Corporation, | ) ) ) | Appeal from Circuit Court of Champaign County |
| Plaintiff-Appellant, | ) | No. 08LM734 |
| v. | ) | |
| ELAINE LYLES and UNKNOWN OCCUPANTS, | ) | Honorable |
| Defendants-Appellees. | ) ) | Holly F. Clemons, Judge Presiding. |

_____

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Following a bench trial in this tenant-landlord dispute, judgment was entered in favor of the tenant, defendant Elaine Lyles.  Thereafter, the court awarded $5,089.50 in attorney fees to defendant and $145 in court costs.

On appeal, landlord plaintiff Housing Authority of Champaign County, an Illinois municipal corporation, challenges the award of attorney fees and court costs to defendant.  We affirm in part and reverse in part.

The record shows that plaintiff and defendant entered into a written lease agreement on April 24, 2003, for an apartment at 108 West Washington in Champaign.  The lease provided for an annual review on April 1, 2004.  Plaintiff became a month-to-month tenant, unless terminated.

On May 30, 2008, plaintiff filed a complaint in forc-

ible entry and detainer alleging that defendant breached the terms of the lease "as a result of keeping her unit in an unsanitary and unsafe condition." Plaintiff sought possession of the premises, "holdover rent, and attorney[] fees and costs" pursuant to the lease. In support thereof, plaintiff attached a 30-day notice to terminate tenancy, dated April 4, 2008.

At a bench trial on July 25, 2008, the parties stipulated to the admission of 23 exhibits. The exhibits are not contained in the record on appeal.

Following the close of plaintiff's case in chief, the trial court sua sponte expressed concern that it did not have any proof that defendant was served the notice terminating tenancy. The court continued the matter to "allow counsel to present any authority that they may have which would allow the plaintiff to proceed without having actual proof of service of the 30-day notice."

On August 15, 2008, the trial court entered judgment in favor of defendant and against plaintiff. The court found (1) no evidence that defendant "consciously avoided receiving the notice" and (2) strict compliance under section 9-211 of the Illinois Code of Civil Procedure (735 ILCS 5/9-211 (West 2006)) was required.

On September 10, 2008, defendant filed a petition for attorney fees and costs pursuant to section 3 of the lease, which

provides: "In the event one party to this lease defaults in fulfilling any of the provisions of this lease, the non[]defaulting party may recover all costs and reasonable attorney[] fees incurred in enforcing this lease, whether or not suit shall be required."

Following hearings on the fee petition, the trial court found plaintiff in default under section 12 of the lease, which provides:

> "Any notice by the Authority to Tenant shall be written and shall be deemed effective if given by delivery in person to any adult Tenant or by mailing such notice by first class United States mail, properly addressed to Tenant at the Unit address with postage paid. Nothing herein shall preclude the Authority from giving additional copies of notices in a different manner if required or permitted under the provisions of state law."

The trial court awarded $5,089.50 in attorney fees to defendant and $145 in court costs.

On November 7, 2008, plaintiff filed a motion to reconsider. The trial court conducted a hearing on the motion and denied it.

This appeal followed.

Plaintiff argues that defendant was not entitled to an award of attorney fees based upon the lease provisions. We agree.

Plaintiff filed a complaint in forcible entry and detainer. "A forcible entry and detainer action is a limited proceeding that determines the issue of who is entitled to immediate possession." Avenaim v. Lubecke, 347 Ill. App. 3d 855, 861-862, 807 N.E.2d 1068, 1074 (2004). "Forcible entry actions are summary, statutory proceedings, and '[a] court hearing a forcible entry and detainer claim is considered "a court of special and limited jurisdiction." [Citation.]'" Avenaim, 347 Ill. App. 3d at 861, 807 N.E.2d at 1074, quoting Yale Tavern, Inc. v. Cosmopolitan National Bank, 259 Ill. App. 3d 965, 971, 632 N.E.2d 80, 85 (1994). "'Matters not germane to the issue of possession may not be litigated in a forcible entry and detainer action.'" Avenaim, 347 Ill. App. 3d at 861, 807 N.E.2d at 1074, quoting Yale Tavern, 259 Ill. App. 3d at 971, 632 N.E.2d at 85.

Illinois follows the "American Rule," which provides that absent statutory authority or a contractual agreement, each party must bear its own attorney fees and costs. Morris B. Chapman & Associates, Ltd. v. Kitzman, 193 Ill. 2d 560, 572, 739 N.E.2d 1263, 1271 (2000); Negro Nest, LLC v. Mid-Northern Management, Inc., 362 Ill. App. 3d 640, 641-42, 839 N.E.2d 1083, 1085 (2005). "Statutes permitting the recovery of costs are in

derogation of the common law and must be strictly construed." Negro Nest, 362 Ill. App. 3d at 642, 839 N.E.2d at 1085. Successful litigants cannot recover attorney fees as costs unless expressly authorized by a statute or agreement using specific language. Estate of Downs v. Webster, 307 Ill. App. 3d 65, 70, 716 N.E.2d 1256, 1260 (1999). A statute or contract must allow for attorney fees by specific language, such that one cannot recover if the provision does not specifically state that "attorney fees" are recoverable. See Downs, 307 Ill. App. 3d at 70, 716 N.E.2d at 1260; Qazi v. Ismail, 50 Ill. App. 3d 271, 273, 364 N.E.2d 595, 596-97 (1977).

Under Illinois law, a lease is an agreement subject to the law of contracts. American Apartment Management Co. v. Phillips, 274 Ill. App. 3d 556, 559, 653 N.E.2d 834, 836 (1995). Leases should be construed as a whole to ascertain the parties' intent (see Dix Mutual Insurance Co. v. LaFramboise, 149 Ill. 2d 314, 320, 597 N.E.2d 622, 625 (1992) ("courts must look to the lease 'as a whole' and the spirit of the agreement between the parties")), and the words used should be given their plain and generally accepted meaning (Book Production Industries, Inc. v. Blue Star Auto Stores, Inc., 33 Ill. App. 2d 22, 31, 178 N.E.2d 881, 885 (1961)). In instances where the terms of a lease are unambiguous, "they must be enforced as written, and no court can rewrite a [lease] to provide a better bargain to suit one of the

parties."  Owens v. McDermott, Will & Emery, 316 Ill. App. 3d 340, 349, 736 N.E.2d 145, 154 (2000).

The construction of a lease is a question of law, and the standard of review is de novo.  Negro Nest, 362 Ill. App. 3d at 641, 839 N.E.2d at 1085.

Section 3 of the lease provides:

"In the event one party to this lease de-
faults in fulfilling any of the provisions of
this lease, the non[]defaulting party may
recover all costs and reasonable attorney[]
fees incurred in enforcing this lease, wheth-
er or not suit shall be required."

The American Heritage Dictionary defines "enforce" as "1. To compel observance of or obedience to. 2. To compel. 3. To give force to; reinforce."  American Heritage Dictionary 610 (3rd ed. 1992).  Black's Law Dictionary defines "enforce" to mean, "To put into execution; to cause to take effect; to make effective; as, to enforce a particular law, a writ, a judgment, or the collection of a debt or fine; to compel obedience to."  Black's Law Dictionary 528 (6th ed. 1990).

Applying these common definitions to the language of the lease, this court finds as a matter of law that the lessor or lessee would be entitled to attorney fees only if that party was suing to compel or make effective the covenants of the lease.  In

- 6 -

this case, defendant was defending against plaintiff's claim that she breached the terms of the lease "as a result of keeping her unit in an unsanitary and unsafe condition." Defendant never sued to enforce any covenant of the lease. Defendant was not enforcing anything, but merely defending against the charge that she had breached the lease. We will not "torture ordinary words until they confess to ambiguity." Hobbs v. Hartford Insurance Co. of the Midwest, 214 Ill. 2d 11, 31, 823 N.E.2d 561, 572 (2005), quoting Western States Insurance Co. v. Wisconsin Wholesale Tire, Inc., 184 F.3d 699, 702 (7th Cir. 1999). Defendant was not entitled to an award of attorney fees in this forcible entry and detainer action.

Plaintiff also contends that "the trial court erred in granting defendant's petition for *** costs." Plaintiff has failed to cite any authority in support of its contention. Nor does it support its contention with argument. It is a rudimentary rule of appellate practice that an appellant may not make a point merely by stating it without presenting any argument in support. See Girard v. White, 356 Ill. App. 3d 11, 17, 826 N.E.2d 517, 522 (2005) ("bare contentions that fail to cite any authority do not merit consideration on appeal"). Plaintiff's brief also fails to comply with Supreme Court Rule 341(e)(7) (210 Ill. 2d R. 341(e)(7)), which provides that the argument section of an appellant's brief "shall contain the contentions of the

- 7 -

appellant and the reasons therefor, with citation of the authorities."  Arguments that do not satisfy Rule 341(e)(7) do not merit consideration on appeal and may be rejected for that reason alone.  Prairie Rivers Network v. Illinois Pollution Control Board, 335 Ill. App. 3d 391, 409, 781 N.E.2d 372, 385 (2002).  In light of plaintiff's failure to comply with Rule 341(e)(7), we conclude that plaintiff has forfeited this issue on appeal.

For the reasons stated, we affirm the trial court's award of $145 in court costs and reverse that part of the trial court's order awarding attorney fees to defendant in the amount of $5,089.50.

Affirmed in part and reversed in part.

MYERSCOUGH and STEIGMANN, JJ., concur.