2020 IL App (1st) 190754-U

No. 1-19-0754

May 26, 2020

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| BRIAN GOLDMAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 M1 135822 |
| | ) | |
| MOHAMMAD and GABRIELLE KALISH, | ) | Honorable |
| | ) | Martin Paul Moltz, |
| Defendants-Appellants. | ) | Judge Presiding. |

JUSTICE WALKER delivered the judgment of the court.
Justice Hyman and Justice Pierce concurred in the judgment.

**ORDER**

¶ 1    *Held*: The judgment of the circuit court is affirmed where the appellants failed to provide a sufficient record on appeal and failed to comply with the Supreme Court Rules governing the form of appellant briefs.

¶ 2    Appellants Mohammad and Gabrielle Kalish appeal from a circuit court judgment in favor

of Appellee Brian Goldman. Appellee vacated the premises owned by Appellants after

unaddressed violations of the Chicago Building Code and the Residential Landlord Tenant Ordinance (RLTO). Appellee filed a complaint against Appellants for breach of contract, breach of implied warranty of habitability and multiple violations of the RLTO. The circuit court entered a judgment in favor of Appellee and denied defendant's counterclaim. Appellants argue that the circuit court erred because the RLTO does not apply, the circuit court did not consider Appellants' evidence, and the circuit court improperly denied Appellants' request for a continuance. For the following reasons, we affirm.

¶ 3                                   BACKGROUND

¶ 4     Appellants are the owners of a building located at 1661 West Winona (property) in Chicago. On or about June 1, 2018, Appellee and Appellants entered into a lease agreement for the use and occupancy of the garden unit of the property. The terms of the lease provided for monthly rent in the amount of $850 and a security deposit of $850. Appellee paid Appellants the full security deposit provided for in the lease. According to the lease, Appellants' address was 9508 Mels Way in Union, Illinois.

¶ 5     After taking possession of the property, Appellee made repeated demands for Appellants to make repairs to the property including, but not limited to, leaks, mold, defective plumbing, defective and hazardous heating unit and no heat. The property was also assessed several code violations by the City of Chicago.

¶ 6     On November 12, 2018, Appellee transmitted to Appellants a termination of tenancy due to Appellants' failure to provide heat at the property and violations of section 5-12-70 of the RLTO for failure to provide a copy of the RLTO summary and security deposit rate summary with the

lease. Appellee vacated the property on November 19, 2018. Appellants failed to return any of Appellee's security deposit.

¶ 7       On November 29, 2018, Appellee filed a complaint against Appellants for breach of contract, breach of implied warranty of habitability, and violations of sections 5-12-080(a)(1), 5-12-080(a)(3), 5-12-170, 5-12-090, 5-12-100, 5-12-070, and 5-12-110 of the RLTO.

¶ 8       On December 20, 2018, Mohammad filed his appearance and exemption from e-filing listing his address for notice as 9508 Mels Way in Union, Illinois. On January 11, 2019, the circuit court ordered Gabrielle to file her appearance by February 20, 2019 and continued the case to February 21, 2019. On February 11, 2019, Gabrielle filed her appearance and exemption from e-filing listing her address for notice as 9508 Mels Way in Union, Illinois. On that same day, Appellants filed their counterclaim alleging breach of contract and again listed their address as 9508 Mels Way in Union, Illinois.

¶ 9       On February 21, 2019, all parties appeared in court. Judge John Allegretti, having several matters ready for trial, transferred the case to an available judge. All parties then appeared before Judge Martin Moltz. After hearing the witness testimony and evidence presented, the circuit court entered judgment in favor of Appellee in the amount of $5069.48, plus costs of $377.32, and denied Appellants' counterclaim.

¶ 10      On February 22, 2019, Appellee filed his petition for attorney's fees. On March 7, 2019, Appellants filed their motion to vacate and reconsider, and for the first time, listed the property as their address.

¶ 11      On April 9, 2019, the circuit court granted Appellee's petition for attorney's fees and denied Appellants' motion to vacate judgement and reconsider. This timely appeal followed.

May 26, 2020

¶ 12                                            ANALYSIS

¶ 13    On appeal, Appellants contend that the circuit court erred in granting judgment in favor of Appellee. Specifically, Appellants argue 1) the RLTO does not apply because the property was owner-occupied, 2) the circuit court did not consider Appellants' evidence, and 3) the trial was unfair because the circuit court denied Appellants' motion for a continuance.

¶ 14    Before addressing the merits of Appellants' arguments, we first note that both Appellants' brief and the record on appeal fail to adhere to Illinois supreme court rules governing appellate review. A *pro se* litigant must comply with the rules of procedure required of attorneys, and a court will not apply a more lenient standard to *pro se* litigants. *U.S. Bank Trust Nat. Ass'n v. Junior*, 2016 IL App (1st) 152109, ¶ 16. "Supreme court rules are not advisory suggestions, but rules to be followed." *Rico Industries, Inc. v. TLC Group, Inc.*, 2018 IL App (1st) 172279, ¶ 41. The purpose of these rules is to require the parties to present clear and orderly arguments before a reviewing court, so that the court can properly ascertain and dispose of the issues involved. *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 7. When a party fails to comply with these mandatory rules, we may, in our discretion, strike the brief and dismiss the appeal. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12.

¶ 15    Here, Appellants' brief fails to comply with Rule 341(h) (eff. May 25, 2018), which sets forth the basic outline for an appellant's brief. Appellants' brief does not meet all the criteria of Rule 341(h). Most notably, their brief does not comply with subparagraph (6), which requires that the appellant include a statement of facts, which shall contain "the facts necessary to an

understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6). A failure to substantiate factual assertions with citations to the record makes it "next to impossible for this court to assess whether the facts as presented * * * are an accurate and fair portrayal of the events in this case." *U.S. Bank Trust Nat. Ass'n v. Junior*, 2016 IL App (1st) 152109, ¶ 18 (quoting *Collier v. Avis Rent A Car System, Inc*., 248 Ill. App. 3d 1088, 1095 (1993)). Here, Appellants' brief contained no statement of facts, or references to the pages of the record. We must rely on the Appellee's brief to understand the nature and factual background of this case.

¶ 16    Additionally, Appellants' brief failed to comply with subparagraph (7), which requires the appellant to present reasoned argument and citation to legal authority and specific portions of the record in support of appellant's claim. Ill. S. Ct. R. 341(h)(7). Appellants' argument section does not contain a single citation to the record or any relevant legal authority outside of references to the RLTO. The entirety of Appellants' argument consists of references to exhibits outside of the record and unsupported allegations that the circuit court failed to consider Appellants' evidence and denied their motion for a continuance. These bare allegations are insufficient to support the contention that the trial was substantively unfair or that the judge was biased. "It is a rudimentary rule of appellate practice that an appellant may not make a point merely by stating it without presenting any argument in support." *Housing Authority of Champaign County v. Lyles*, 395 Ill. App. 3d 1036, 1040 (2009). Failure to properly develop an argument does "not merit consideration on appeal and may be rejected for that reason alone." *Id*.

¶ 17    More problematic is the insufficiency of the record on appeal. Appellants failed to include transcripts from the trial proceedings as required by Rule 321 (eff. Feb. 1, 1994). Appellants also

failed to file an acceptable substitute, such as a bystander's report or an agreed statement of facts, as provided for in Rule 323 (eff. Dec. 13, 2005). The nature of an appeal dictates that the reviewing court must have a sufficient record before it to determine whether the error claimed by the appellant exists. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). This burden rests on the appellant, as the party seeking relief from the judgment, to provide a sufficient record. *Id*. If the issue on appeal is solely a question of law and does not involve evidentiary issues, a missing report of proceedings does not preclude appellate review. *Metropolitan Condominium Ass'n v. Crescent Heights*, 368 Ill. App. 3d 995, 1002 (2006). However, when the issue on appeal relates to the conduct of a proceeding or a court's factual findings, a court cannot review the issue without a report of the relevant proceeding. *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001) (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391–92 (1984)).

¶ 18    Here, a report of proceedings is essential as all of Appellants' arguments concern either trial proceedings or evidentiary issues. Appellants primary argument is that the RLTO does not apply because the building was owner-occupied. However, it is unclear if this argument was ever raised at trial. Appellants allege they had four witnesses who would have confirmed the owner occupancy but left after the case was transferred to another courtroom. Generally, arguments that are not raised in the circuit court are forfeited on appeal. *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 14. "The purpose of this court's forfeiture rules is to encourage parties to raise issues in the trial court, thus ensuring both that the trial court is given an opportunity to correct any errors prior to appeal and that a party does not obtain a reversal through his or her own inaction." *Id*. While it is possible that Appellants may have raised this argument before the circuit court judge, no transcript of the proceedings supports the Appellants' argument

on appeal. Appellants attempt to present evidence outside of the record to support their argument, which we will disregard. See *Allstate Ins. Co. v. Kovar*, 363 Ill. App. 3d 493, 499 (2006). We find that Appellants' owner-occupancy argument is forfeited. See *1010 Lake Shore Ass'n*, 2015 IL 118372, ¶ 15.

¶ 19    Appellants then allege that because of the missing witnesses, the circuit court did not consider Appellants' evidence and improperly denied Appellants' motion for a continuance. However, without transcripts or a bystander's report, we cannot determine what evidence the circuit court considered, whether a continuance was ever requested, or whether the circuit court abused its discretion when no continuance was granted. In the absence of a transcript or other record of the proceedings, a reviewing court presumes that the circuit court's order was in conformity with established legal principles and had a sufficient factual basis. *Webster*, 195 Ill. 2d at 432. Any doubts arising from the incompleteness of a record are resolved against the appellant. *Hye Ra Han v. Holloway,* 408 Ill. App. 3d 387, 391 (2011). Because Appellants failed to provide a bystander's report or other record on appeal, we affirm the ruling of the circuit court.

¶ 20                              CONCLUSION

¶ 21    For the reasons outlined above, we affirm the judgment of the circuit court.

¶ 22    Affirmed.