NO. 4-08-0401          Filed 10/15/09

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|      Plaintiff-Appellee, | ) | Circuit Court of |
|      v. | ) | Macon County |
| CHARLES K. MITCHELL, | ) | No. 07CF185 |
|      Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Timothy J. Steadman, |
| | ) | Judge Presiding. |

_____

JUSTICE MYERSCOUGH delivered the opinion of the court:

In December 2007, defendant, Charles K. Mitchell, pleaded guilty to burglary. In January 2008, the trial court sentenced defendant to a 13-year prison term. Defendant appeals, arguing (1) the court erred when it imposed (a) a $4 traffic and criminal conviction surcharge, (b) a $10 anticrime fee, and (c) a $25 Violent Crime Victims Assistance Fund penalty, and (2) the court abused its discretion in sentencing. We affirm in part, vacate in part, and remand with directions.

I. BACKGROUND

In February 2007, the State charged defendant with one count of burglary, a Class 2 felony (720 ILCS 5/19-1(a), (b) (West 2006)), alleging he entered a vacant home with the intent to commit a theft therein. Because defendant had two prior Class 2 felony convictions, the trial court sentenced him as a Class X offender with a sentencing range of 6 to 30 years' imprisonment.

730 ILCS 5/5-5-3(c)(8), 5-8-1(a)(3) (West 2006).

In December 2007, defendant entered an open, nonnegotiated guilty plea. The State's factual basis for the plea disclosed that in October 2006, someone broke into a vacant home owned by Timothy Davis and stole a circular saw, a jigsaw, and a Sawzall. Blood was found in the home, which police believed came from the intruder. Police sent a blood sample to the Illinois State Police crime laboratory for processing. The Illinois Combined DNA Index System (CODIS) matched the sample taken from the home to a sample previously taken from defendant. A confirmatory sample taken directly from defendant also matched the blood found in the home.

In January 2008, the trial court held defendant's sentencing hearing. The State called Decatur police officer Joshua Sheets, who testified in September 2005 he found cannabis and crack cocaine in defendant's vehicle during a traffic stop. The State later charged defendant with possession of a controlled substance in Macon County case No. 2005-CF-1389, which was still pending at the time of the sentencing hearing.

The State also called Decatur police officer Troy Phares, who testified regarding another pending felony charge against defendant for resisting arrest, Macon County case No. 2007-CF-1321. Officer Phares testified that while on patrol in August 2007, he saw defendant walking down the street. Officer

- 2 -

Phares knew defendant on sight due to prior interactions and also knew defendant had an outstanding felony warrant for burglary. As Officer Phares approached defendant to arrest him, defendant saw Officer Phares and ran away. During the ensuing foot chase, Officer Phares sustained a sprained knee and sprained forearm after running into a barbed-wire fence. Defendant was able to escape after Officer Phares's injury.

Defendant testified he was a drug addict and had been since the age of 20. (Defendant was 44 years old at the time of sentencing.) Defendant further testified he only committed crimes to support his drug habit. Defendant sought treatment as part of court-ordered probation in the 1990s and stayed drug free for six years afterward. However, defendant relapsed around 2004. Defendant indicated his desire to get drug treatment in prison and regain sobriety.

During defendant's allocution, he denied Officer Sheets's testimony that marijuana and crack cocaine were found during the traffic stop resulting in case No. 2005-CF-1389.

The trial court also examined defendant's presentence investigation report (PSI), which indicates defendant was diag-nosed as schizophrenic around 20 years ago. Defendant denied taking medication or receiving treatment at the time of his arrest. The PSI shows defendant has seven children, who, at the time of sentencing, ranged in age from 24 years old to 1 month

old. With respect to defendant's drug use, the PSI indicates he began using marijuana and crack cocaine at 17.

The PSI shows defendant has the following felony convictions: (1) retail theft from September 1987, (2) violation of bail bond from October 1988, (3) robbery from April 1990, (4) forgery from March 1992, (5) retail theft from March 1992, (6) residential burglary from March 1992, (7) bringing contraband into a penal institution from May 1993, (8) obstruction of justice from March 1999, (9) two convictions for possession of a controlled substance from May 1999, and (10) burglary from October 2001. Defendant was sentenced to 10 separate prison terms for those convictions.

The PSI concludes that defendant "scored in the maximum range of risk and needs. [Defendant] received his score as a result of his criminal history, unemployment status, having pro-criminal associations, self-reported substance abuse, and self-reported mental[-]health problem."

The State argued for a sentence of 17 years based upon the aggravation evidence produced at sentencing, as well as defendant's criminal history. Defense counsel recommended a minimum sentence of six years due to defendant's drug problem and his willingness to seek treatment for that problem.

As stated, the trial court sentenced defendant to a 13-year prison term and imposed court costs, fines, and fees. In

its oral pronouncement, the court stated its sentence was based upon the need to protect the public. In aggravation, the court noted defendant's long-standing drug addiction, failure to seek treatment for schizophrenia, and significant criminal history. The court also stated that it had considered defendant's score in the "'maximum range of risks and needs'" contained in the PSI. In mitigation, the court noted defendant's recent criminal history was sparse and he had admitted guilt.

The trial court made three separate rulings regarding the imposition of fees, costs, and fines. In its oral pronouncement, the trial court imposed "court costs." In its written sentencing judgment, the trial court imposed both fees and costs. The docket entry entered on the date of defendant's sentencing states defendant was ordered to pay "court costs" but also ordered that his bond satisfy "fines, court costs, restitution, and [attorney] fees."

In May 2008, defendant filed a motion to reconsider sentence, which the trial court denied.

This appeal followed.

## II. ANALYSIS

Defendant argues that the trial court erred when it imposed (1) fees not permitted by statute and (2) a 13-year prison sentence.

### A. Defendant's Fees and Fines

Defendant argues the trial court erred when it imposed (1) a $4 traffic and criminal conviction surcharge, (2) a $10 anticrime fee, and (3) a $25 violent crime fee.

### 1. Traffic and Criminal Conviction Surcharge

Defendant argues the $4 penalty is a fine and was improper because it was imposed pursuant to subsection 5-9-1(c-9) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-9-1(c-9) (West 2004)), which the legislature repealed prior to both commission of the offense and sentencing. The State concedes the court had no authority to impose the traffic and criminal conviction surcharge because the legislature repealed the fee in 2005. See 730 ILCS 5/5-9-1(c-9) (West 2006) (leaving subsection (c-9) blank). We agree that the $4 penalty must be vacated, although not for the reason defendant proposes and the State accepts.

We first note that if the $4 penalty was imposed pursuant to subsection 5-9-1(c-9), its imposition was improper and requires vacatur. However, the clerk imposed the $4 traffic and criminal conviction surcharge in this case pursuant to subsection 5-9-1(c) of the Unified Code (730 ILCS 5/5-9-1(c) (West 2006)), a permissible basis for the penalty at the time of defendant's commission of the offense and sentencing. A brief description of the various amendments of section 5-9-1 of the Unified Code (730 ILCS 5/5-9-1 (West 2006)) is necessary to

- 6 -

explain our holding.

Public Act 93-32 created subsection 5-9-1(c-9) (730 ILCS 5/5-9-1(c-9) (West 2004)), which went into effect in June 2003. Pub. Act 93-32, §50-75, eff. June 20, 2003 (2003 Ill. Legis Serv. 400, 429 (West)). Subsection 5-9-1(c-9) required the trial court to impose a $5 (formerly $4) penalty on the defendant whenever it imposed sentence for a criminal or traffic offense, except sentences related to parking and registration offenses. 730 ILCS 5/5-9-1(c-9) (West 2004). In December 2003, for reasons not relevant to the resolution of this case, the Supreme Court Rules Committee determined the penalty imposed under subsection 5-9-1(c-9) could not be collected without violating Supreme Court Rule 529. 210 Ill. 2d R. 529, Committee Comments at ccxxxvii. In response, the legislature enacted Public Act 94-652, which repealed subsection 5-9-1(c-9) (730 ILCS 5/5-9-1(c-9) (West 2004)) and increased the penalty imposed in subsection 5-9-1(c) (730 ILCS 5/5-9-1(c) (West Supp. 2005)) from the then $5 for each $40, or portion thereof, of penalties imposed to $9 for each $40, or portion thereof, of penalties imposed. Pub. Act 94-652, §5, eff. August 22, 2005 (2005 Ill. Legis. Serv. 3345, 3346-47 (West)). During the debate in the House of Representatives on Public Act 94-652, Representative Lyons, the legislation's sponsor, stated the following:

"[Public Act 94-652] amends the Unified Code

*** pertaining to the collection and distribution of money[] into the [t]raffic and [c]riminal [c]onviction [s]urcharge [f]und. The [t]raffic and [c]riminal [c]onviction [s]urcharge [f]und is used to pay for the training of the [State's 40,000] law enforcement and correctional officers. [Public Act 94-652] remedies language which was originally added [two] years ago in the Budget Implementation Act to collect an additional $4 assessment on all traffic and criminal convictions in which a fine is imposed. The [s]upreme [c]ourt subsequently ruled that the language of the provision *** was contradictory to Supreme Court Rule 529 [(210 Ill. 2d R. 529)]. As such, the additional $4 *** is not being collected as anticipated. [Public Act 94-652] corrects that." 94th Ill. Gen. Assem., House Proceedings, May 30, 2005, at 14 (statement of Representative Lyons).

In June 2006, Public Act 94-987 again amended section 5-9-1(c), increasing the penalty from $9 to $10 for every $40 of penalties imposed and appropriating $1 toward the law enforcement camera grant fund for each $40 collected. Pub. Act 94-987, §60,

eff. June 30, 2006 (2006 Ill. Legis. Serv. 2286, 2287-88 (West)).

The only information in the case sub judice that this court possesses regarding the $4 penalty is a record sheet from the county clerk's office made after imposition and payment of defendant's penalties. The record sheet does not state the statutory basis for the $4 penalty. The record sheet merely shows a $4 penalty imposed under the heading "T&CCSF," a somewhat unwieldy acronym for Traffic and Criminal Conviction Surcharge Fund. The appellant bears the burden to present a record on appeal sufficient to support his claims of error, and this court will resolve any doubts arising from an incomplete record against the appellant. People v. Lopez, 229 Ill. 2d 322, 344, 892 N.E.2d 1047, 1060 (2008). Defendant has not produced any evidence showing the clerk imposed the $4 penalty pursuant to the now-defunct subsection 5-9-1(c-9) as he argues. Subsection 5-9-1(c-9) was repealed approximately 14 months before defendant's commission of the burglary and over two years before his sentenc-ing hearing. Because nothing in the record shows the reasoning for imposing a $4 penalty, this court must resolve the ambiguity against the appellant. Accordingly, we find that the penalty was imposed pursuant to subsection 5-9-1(c) (730 ILCS 5/5-9-1(c) (West 2006)).

Nevertheless, the $4 penalty is void. A trial court's sentence is void where it is made without "the power to render

the particular judgment or sentence" (People v. Davis, 156 Ill. 2d 149, 156, 619 N.E.2d 750, 754 (1993)) or "does not conform to a statutory requirement" (People v. Arna, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 448 (1995)). Both the imposition of a $4 penalty and the trial court's abdication of its responsibility to impose the proper penalty were void acts, taken without jurisdiction.

Subsection 5-9-1(c) specifies that the penalty "shall be assessed by the court imposing the fine and shall be collected by the [c]ircuit [c]lerk." (Emphasis added.) 730 ILCS 5/5-9-1(c) (West 2006). The court here never referenced a specific penalty or amount at any point during sentencing or afterward. The court's oral sentencing pronouncement, written judgment, and docket entry all fail to mention the proper amount of the penalty to be levied under subsection 5-9-1(c). Instead, the court permitted the clerk to impose a penalty that the court had the duty to impose. Courts are powerless to delegate responsibility to impose a sentence where the plain language of the statute requires the court to act. A fortiori, the clerk's imposition of the penalty and the court's implied ratification thereof were both void acts because the court lacked the power to render judgment in that manner and the process failed to conform to the statutory requirements of subsection 5-9-1(c). See City of Chicago v. Roman, 184 Ill. 2d 504, 510, 705 N.E.2d 81, 85 (1998) (defining void judgment as one court lacked the power to make).

- 10 -

As a result, the $4 traffic and criminal conviction surcharge must be vacated on that basis.

Further, the imposition of a $4 penalty, rather than a $5 penalty, was a void act. A court "exceeds its authority if it orders a lesser sentence than what the statute mandates." City of Chicago, 184 Ill. 2d at 510, 705 N.E.2d at 85. Subsection 5-9-1(c) (730 ILCS 5/5-9-1(c) (West 2006)) states that the trial court "shall" impose a $10 penalty, or portion thereof, for each $40 in penalties, or portion thereof, that the court imposes. See also People v. Reed, 177 Ill. 2d 389, 393, 686 N.E.2d 584, 586 (1997) ("'shall' is generally considered to express a mandatory reading"). The only penalty the trial court itself imposed was a $20 penalty pursuant to the Violent Crime Victims Assistance Act. See 725 ILCS 240/10(c)(2) (West 2006) (permitting $20 penalty only when the trial court has imposed no other penalties on the defendant). Accordingly, subsection 5-9-1(c) required the court to impose a $5 penalty on defendant.

Because the penalty imposed failed to comply with the requirements of subsection 5-9-1(c), the penalty is void. We therefore vacate the $4 penalty and direct the trial court to impose a penalty in compliance with subsection 5-9-1(c) on remand. This court recognizes the difficulty the trial court faces when imposing the morass of penalties mandated by the legislature and constantly amended thereby. However, each

- 11 -

courtroom is mandated to have a clerk of the court to aid the judge in just these types of situations. 705 ILCS 105/13 (West 2008). "The clerks shall attend the sessions of their respective courts, preserve all the files and papers thereof, make, keep[,] and preserve complete records of all the proceedings and determinations thereof, except in cases otherwise provided by law, and do and perform all other duties pertaining to their offices, as may be required by law or the rules and orders of their courts respectively." 705 ILCS 105/13 (West 2008).

### 2. Anticrime and Violent Crime Fees

The State does not oppose the defendant's argument that the trial court erred when it imposed a $10 anticrime fee. The State concedes that the anticrime fee may not be imposed where the trial court imposes a sentence of imprisonment. People v. Beler, 327 Ill. App. 3d 829, 837, 763 N.E.2d 925, 931 (2002). The State's concession is accepted and the anticrime fee is vacated.

Defendant has withdrawn his argument that the trial court erred when it imposed a $25 violent crime fee, as the record shows the court imposed a $20 fee in accordance with the Violent Crime Victims Assistance Act (725 ILCS 240/10(c)(2) (West 2006)).

### B. Abuse of Discretion

Defendant argues his 13-year prison term was dispropor-

tionate to the seriousness of the offense, given its nonviolent nature.

A sentence within statutory guidelines will only be disturbed on review if the trial court abused its discretion. People v. Bridgewater, 388 Ill. App. 3d 787, 797, 904 N.E.2d 171, 179 (2009). The trial court receives substantial deference when sentencing a criminal defendant but must still impose a sentence based upon "the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, §11. In determining an appropriate sentence, the trial court must consider the facts of the offense, as well as the defendant's "credibility, demeanor, general moral character, mentality, social environment, habits, and age." People v. Perruquet, 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884 (1977).

The record reveals the trial court did not abuse its discretion when it sentenced defendant. Defendant has a significant criminal history, with 11 felony convictions since 1987. This is defendant's third conviction for burglary, crimes which he committed to support his addiction to crack cocaine. Defendant committed this crime while free on bond in No. 2005-CF-1389, after eluding Officer Phares, resulting in injury, during an attempt to arrest defendant on a felony warrant. Defendant scored in the "maximum range" for risks and needs due to his significant criminal history, long-term drug addiction, criminal

- 13 -

associations, and mental-health problems.  The court's oral pronouncement at sentencing reveals the court considered defendant a threat to commit more crimes based upon the evidence presented.

Moreover, nothing in the record of the sentencing hearing indicates the trial court considered defendant's conviction a crime of violence.  Where the record shows the trial court heard evidence in mitigation, this court will presume it considered the evidence, absent contrary evidence in the record. People v. Shaw, 351 Ill. App. 3d 1087, 1093, 815 N.E.2d 469, 474 (2004).  Accordingly, we presume the court considered the nonviolent nature of defendant's offense in determining the appropriate sentence to impose.

The trial court did not abuse its discretion when it sentenced defendant to a 13-year prison term.

### III. CONCLUSION

For the reasons stated, we affirm in part, vacate in part, and remand with directions for the trial court to issue an amended sentencing judgment consistent with this opinion and reflecting vacatur of the $10 anticrime fee.  Because the State has in part successfully defended a portion of the criminal judgment, we award the State its $50 statutory assessment as costs of this appeal.  See People v. Leach, 385 Ill. App. 3d 215, 223, 898 N.E.2d 696, 703 (2008).

Affirmed in part and vacated in part; cause remanded with directions.

McCULLOUGH, P.J., and KNECHT, J., concur