# Illinois Official Reports

## Appellate Court

---

**Thomann v. Department of State Police, 2016 IL App (4th) 150936**

---

| | |
|---|---|
| Appellate Court Caption | MATTHEW D. THOMANN; SAMUEL FINNIGAN, JR.; DEANNA M. KNOLL; and ILLINOIS CARRY, Plaintiffs-Appellants, v. THE DEPARTMENT OF STATE POLICE, a Division of the State of Illinois; LEO P. SCHMITZ, in His Official Capacity as Director of State Police; THE CONCEALED CARRY LICENSING REVIEW BOARD, an Independent State Authority Created by the Firearm Concealed Carry Act; SERGIO ACOSTA, in His Official Capacity as Member of the Concealed Carry Licensing Review Board; ROBINZINA BRYANT, in Her Official Capacity as Member of the Concealed Carry Licensing Review Board; JAMES CAVANAUGH, in His Official Capacity as Member of the Concealed Carry Licensing Review Board; VIRGINIA WRIGHT, in Her Official Capacity as Member of the Concealed Carry Licensing Review Board; JOHN CHELSLEY, in His Official Capacity as Member of the Concealed Carry Licensing Review Board; JOHN DIWIK, in His Official Capacity as Member of the Concealed Carry Licensing Review Board; and G. PATRICK MURPHY, in His Official Capacity as Member of the Concealed Carry Licensing Review Board, Defendants-Appellees. |
| District & No. | Fourth District<br>Docket No. 4-15-0936 |
| Filed | October 18, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 14-MR-392; the Hon. Rudolph M. Braud, Jr., Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |

| | |
|---|---|
| Counsel on Appeal | William N. Howard and Keith L. Gibson, of Locke Lord LLP, of Chicago, and David H. Thompson, Peter A. Patterson, and John D. Ohlendorf (argued), of Cooper & Kirk, PLLC, of Washington, D.C., for appellants. |
| | Lisa Madigan, Attorney General, of Chicago (Carolyn E. Shapiro, Solicitor General, and Paul Racette (argued), Assistant Attorney General, of counsel), for appellees. |

| | |
|---|---|
| Panel | PRESIDING JUSTICE KNECHT delivered the judgment of the court, with opinion.<br>Justices Turner and Holder White concurred in the judgment and opinion. |

## OPINION

¶ 1 Plaintiffs, Illinois Carry, an organization supporting the concealed carrying of firearms, and three individuals, Matthew Thomann, Samuel Finnigan, Jr., and Deanna Knoll, appeal from the circuit court's order dismissing their petition for attorney fees and costs against defendants, the Illinois Department of State Police (Department), the Department's then director, the Concealed Carry Licensing Review Board (Board), and the Board's then members. The sole issue on appeal is whether the circuit court's dismissal was in error. We affirm.

¶ 2 I. BACKGROUND

¶ 3 In July 2013, the General Assembly enacted the Firearm Concealed Carry Act (Concealed Carry Act) (430 ILCS 66/1 to 999 (West 2014)), granting eligible citizens the right to carry firearms in public. To be eligible for a concealed carry license, an applicant must be found to "not pose a danger to himself, herself, or others, or a threat to public safety." 430 ILCS 66/10(a)(4) (West 2014). Where an objection to a concealed carry license application is submitted on this ground, the Board is tasked with considering and ruling on the objection. 430 ILCS 66/15(a), 20(a) (West 2014); see *Merritt v. Department of State Police*, 2016 IL App (4th) 150661, ¶¶ 15-18, 56 N.E.3d 593 (overview of the Concealed Carry Act).

¶ 4 In April 2014, plaintiffs filed a two-count complaint against defendants, alleging the Board's procedures in evaluating objections to concealed carry license applications violated their due process rights (Ill. Const. 1970, art. I, § 2) by failing to provide notice or an opportunity to respond to the objections. Count I of plaintiffs' complaint—an action for declaratory and injunctive relief—sought a declaration defendants violated their due process

rights and an injunction requiring they be given hearings that comport with due process. Count II of plaintiffs' complaint—an action for administrative review—sought an order reversing the Board's decision with respect to applications filed by Thomann and unidentified Illinois Carry members and remanding for further proceedings that comport with due process. Both counts sought attorney fees and costs under subsection 5(c) of the Illinois Civil Rights Act of 2003 (Civil Rights Act) (740 ILCS 23/5(c) (West 2014)).

¶ 5 In June 2014, defendants filed a motion to dismiss count I and a memorandum in support. Defendants asserted count I was an impermissible attempt to seek judicial review of the Board's decisions by means other than under the Administrative Review Law (735 ILCS 5/3-101 to 3-113 (West 2014)). Plaintiffs later filed a response to defendants' motion to dismiss count I, and defendants filed a reply to plaintiffs' response.

¶ 6 On July 23, 2014, defendants filed a motion to dismiss the entire action as it related to Finnigan, a motion to dismiss count II as it related to unnamed license applicants, and a memorandum in support of their motions. As to the motion to dismiss the entire action as it related to Finnigan, defendants asserted Finnigan had previously filed a separate action for administrative review, which was resolved by an agreed order remanding the matter to the Board for reconsideration. Defendants attached to their motion a copy of an emergency amendment (38 Ill. Reg. 19571 (emergency amendment eff. Sept. 18, 2014)), which provided that applicants be given notice and an opportunity to respond to objections to their concealed carry license applications. The emergency amendment was later revised (39 Ill. Reg. 1518 (eff. Jan. 6, 2015)) and then became a permanent rule (20 Ill. Adm. Code 2900.140(e) (eff. Jan. 23, 2015)). As to the motion to dismiss count II relating to unnamed license applicants, defendants asserted it was impossible to file an answer, which would include an individual's administrative records, where plaintiffs failed to provide the applicants' identifying information. Plaintiffs later filed a response to defendants' motions to dismiss, and defendants filed a reply to plaintiffs' response.

¶ 7 In September 2014, the circuit court, without explicitly ruling on defendants' motions to dismiss, (1) remanded the matter to the Board for reconsideration of the applications filed by Thomann, Finnigan, and Knoll, and (2) granted plaintiffs leave to amend to provide identifying information regarding those individuals on whose behalf relief was sought. The court reserved ruling on all other issues.

¶ 8 In October 2014, plaintiffs filed an amended complaint, largely mirroring their original complaint but including the names of 36 additional license applicants who sought relief under count I, 21 of whom also sought relief under count II.

¶ 9 In February 2015, defendants filed a motion to dismiss count I of plaintiffs' amended complaint and a memorandum in support. Defendants again asserted count I was an impermissible attempt to obtain judicial review of the Board's decisions by means other than under the Administrative Review Law (735 ILCS 5/3-101 to 3-113 (West 2014)). Defendants also noted that, in the interest of finality, the circuit court should construe plaintiffs' amended complaint to request administrative review in count II for all identified individuals in count I and remand each case for reconsideration.

¶ 10 In March 2015, the circuit court entered an agreed order remanding to the Board under the Administrative Review Law (*id.*) the license applications filed by 29 applicants for reconsideration. Plaintiffs withdrew their request for relief as to the seven additional

applicants. The court further dismissed count I of plaintiffs' amended complaint as moot and ordered plaintiffs to file any fee petition within 30 days.

¶ 11    In April 2015, plaintiffs filed a petition for attorney fees and costs and a memorandum in support. Plaintiffs asserted, under subsection 5(c) of the Civil Rights Act (740 ILCS 23/5(c) (West 2014)), that they were entitled to attorney fees and costs as they brought a suit "to enforce a right arising under the Illinois Constitution" and prevailed by (1) obtaining some of their requested relief through a judgment requiring the Board to reconsider their license applications under revised procedures and (2) serving as a catalyst for the unilateral change of the Board's procedures. Plaintiffs provided a detailed explanation of incurred fees and costs, which totaled $181,389.94.

¶ 12    On May 4, 2015, defendants filed a motion to dismiss plaintiffs' fee petition and a supporting memorandum. Defendants asserted dismissal was appropriate as (1) subsection 5(c) of the Civil Rights Act (*id.*) included no express waiver of sovereign immunity and (2) plaintiffs failed to establish they were a prevailing party.

¶ 13    On May 28, 2015, plaintiffs filed a reply in support of their fee petition. Plaintiffs asserted, in relevant part, that "an action brought under the administrative review law—no less than an action brought in chancery for injunctive relief—can, if the plaintiff prevails, form the basis for a fee award under [subsection 5(c) (*id.*)], so long as the underlying *right* at issue 'aris[es] under the Illinois Constitution.' " (Emphasis in original.)

¶ 14    In August 2015, the circuit court held a hearing on plaintiffs' fee petition. A transcript from the hearing or a bystander's report is not included in the record on appeal.

¶ 15    In October 2015, the circuit court issued a written order, granting defendants' motion to dismiss plaintiffs' fee petition. As to count I, the court found, because the Administrative Review Law was the sole method by which the license denials could be judicially reviewed, the collateral attack on those decisions was frivolous, preventing plaintiffs from recovery under the catalyst theory. As to count II, the court rejected plaintiffs' assertion that subsection 5(c) "provide[d] statutory authority for the recovery of attorney's fees for any claim in which a constitutional right is arguably implicated" as plaintiffs provided no authority and it was "unaware of any case relating to the Administrative Review Law in which the [Civil Rights Act] provid[ed] for attorney's fees based upon the allegation of insufficient procedural due process." Rather, the court found, "[t]he proper characterization of this matter is an action to enforce rights arising under a state statute, the Administrative Review Law[, and not] an action to enforce rights arising under the Illinois Constitution."

¶ 16    This appeal followed.

¶ 17                                    II. ANALYSIS

¶ 18    On appeal, plaintiffs argue that the circuit court erred in concluding (1) count I of its complaint was frivolous and (2) count II did not constitute an action brought to enforce a state constitutional right. Plaintiffs maintain they are entitled to a fully compensatory award under subsection 5(c) of the Civil Rights Act (*id.*) because they are a prevailing party in an action brought to enforce a state constitutional right.

¶ 19    Defendants maintain that the circuit court's dismissal of plaintiffs' fee petition was proper. In support, defendants assert (1) the statutory authority on which plaintiffs sought attorney fees and costs—subsection 5(c) of the Civil Rights Act—inapplicable as the fee-shifting provisions

contained therein apply only to discrimination claims involving identified suspect classes; (2) even if subsection 5(c) is applicable, plaintiffs' claim is barred by sovereign immunity; and (3) even if the subsection 5(c) is applicable and plaintiffs' claim is not barred by sovereign immunity, plaintiffs failed to establish they are entitled to attorney fees and costs.

¶ 20                                                    A. Motion to Strike

¶ 21       As an initial matter, defendants request we strike and disregard portions of plaintiffs' statement of facts containing impermissive argument and comment in violation of Illinois Supreme Court Rule 341(h)(6) (eff. Jan. 1, 2016). In a footnote of their reply brief, plaintiffs disagree with defendants' characterization of their statement of facts. Plaintiffs note the examples defendants highlight principally relate to their description of the Board's prior practices as unconstitutional. Plaintiffs assert defendants have never contested the unconstitutionality of the Board's prior practices, and they find it difficult to see how defendants could make such an objection given the current state of the law. As the sole issue on appeal is whether plaintiffs are entitled to attorney fees and costs, we will disregard any improper argument or commentary unrelated to the issue presented.

¶ 22                                                    B. Civil Rights Act

¶ 23       Defendants assert the circuit court properly dismissed plaintiffs' fee petition as the statutory authority on which plaintiffs sought attorney fees and costs—subsection 5(c) of the Civil Rights Act (740 ILCS 23/5(c) (West 2014))—is inapplicable. Defendants maintain the fee-shifting provisions in subsection 5(c) apply only to discrimination claims involving identified suspect classes.

¶ 24       Plaintiffs contend defendants have forfeited their argument by failing to press it in the circuit court. We disagree. "The appellant bears the burden to present a record on appeal sufficient to support his claims of error, and this court will resolve any doubts arising from an incomplete record against the appellant." *People v. Mitchell*, 395 Ill. App. 3d 161, 165-66, 916 N.E.2d 624, 628 (2009). Plaintiffs, as appellants, have denied this court the benefit of reviewing the arguments made and discussions had during the fee-petition hearing by failing to include in the record on appeal a transcript from the hearing or a bystander's report. See Ill. S. Ct. R. 323(a) (eff. Dec. 13, 2005). Moreover, it is well established that (1) " 'the appellee may urge any point in support of the judgment on appeal, even though not directly ruled on by the trial court, so long as the factual basis for such point was before the trial court' " (*Beahringer v. Page*, 204 Ill. 2d 363, 370, 789 N.E.2d 1216, 1222 (2003) (quoting *Shaw v. Lorenz*, 42 Ill. 2d 246, 248, 246 N.E.2d 285, 287 (1969))); (2) we review "the trial court's judgment, not the reasoning the court employed" (*City of Chicago v. Holland*, 206 Ill. 2d 480, 491, 795 N.E.2d 240, 247 (2003)); and (3) "we may affirm [the trial court's judgment] on any basis supported by the record" (*People v. Greco*, 204 Ill. 2d 400, 414, 790 N.E.2d 846, 855 (2003)).

¶ 25       Whether the statutory authority on which plaintiffs sought attorney fees and costs is applicable is a question of law, which we review *de novo*. *Klaine v. Southern Illinois Hospital Services*, 2016 IL 118217, ¶ 13, 47 N.E.3d 966. Our primary objective in construing statutory provisions is to ascertain and give effect to the intent of the legislature. *Id.* ¶ 14. The most reliable indicator of legislative intent is the language of the statute. *Id.* Where the language is clear and unambiguous, the statute must be given effect as written, without resorting to other aids of statutory construction. *Id.*

It must further be noted that "Illinois follows the 'American Rule,' which provides that, absent statutory authority or a contractual agreement, each party must bear its own attorney fees and costs." *Housing Authority v. Lyles*, 395 Ill. App. 3d 1036, 1038, 918 N.E.2d 1276, 1278 (2009); see also *City of Champaign v. Madigan*, 2013 IL App (4th) 120662, ¶ 55, 992 N.E.2d 629 (noting "[w]here the General Assembly has intended to provide fees in administrative review proceedings, it has specifically done so"). "Statutes permitting the recovery of costs are in derogation of the common law and must be strictly construed." *Negro Nest, LLC v. Mid-Northern Management, Inc.*, 362 Ill. App. 3d 640, 642, 839 N.E.2d 1083, 1085 (2005).

Section 5 of the Civil Rights Act (740 ILCS 23/5 (West 2014))—the only section of the Civil Rights Act—is titled "Discrimination prohibited" and provides:

"(a) No unit of State, county, or local government in Illinois shall:

(1) exclude a person from participation in, deny a person the benefits of, or subject a person to discrimination under any program or activity on the grounds of that person's race, color, national origin, or gender; or

(2) utilize criteria or methods of administration that have the effect of subjecting individuals to discrimination because of their race, color, national origin, or gender.

(b) Any party aggrieved by conduct that violates subsection (a) may bring a civil lawsuit, in a federal district court or State circuit court, against the offending unit of government. Any State claim brought in federal district court shall be a supplemental claim to a federal claim. This lawsuit must be brought not later than 2 years after the violation of subsection (a). If the court finds that a violation of paragraph (1) or (2) of subsection (a) has occurred, the court may award to the plaintiff actual damages. The court, as it deems appropriate, may grant as relief any permanent or preliminary negative or mandatory injunction, temporary restraining order, or other order.

(c) Upon motion, a court shall award reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses, to a plaintiff who is a prevailing party in any action brought:

(1) pursuant to subsection (b); or

(2) to enforce a right arising under the Illinois Constitution.

In awarding reasonable attorneys' fees, the court shall consider the degree to which the relief obtained relates to the relief sought.

(d) For the purpose of this Act, the term 'prevailing party' includes any party:

(1) who obtains some of his or her requested relief through a judicial judgment in his or her favor;

(2) who obtains some of his or her requested relief through any settlement agreement approved by the court; or

(3) whose pursuit of a non-frivolous claim was a catalyst for a unilateral change in position by the opposing party relative to the relief sought."

The parties do not dispute that subsections 5(a) and 5(b) create a state statutory cause of action for discrimination claims based on race, color, national origin, or gender, and subsection 5(c)(1) provides for the recovery of attorney fees and costs to a prevailing party in a discrimination claim brought under subsections 5(a) and 5(b). The parties disagree, however,

as to applicability of the fee-shifting provision contained in subsection 5(c)(2). Plaintiffs assert the clear and unambiguous text of subsection 5(c)(2) mandates the award of reasonable attorney fees and costs to a prevailing party in *any* claim arising under the Illinois Constitution. Conversely, defendants assert the text of subsection 5(c)(2) must be read in the context of the entire statute, which they maintain indicates the legislature was simply authorizing fees and costs for the entire action when a party chooses to bring a discrimination claim under both the Civil Rights Act and the state equal protection clause (Ill. Const. 1970, art. I, § 2).

¶ 29 While plaintiffs' reading of the isolated language in subsection 5(c)(2) may appear clear and unambiguous, we must read that language in the context of the entirety of section 5. See *First American Bank Corp. v. Henry*, 239 Ill. 2d 511, 517, 942 N.E.2d 1262, 1265 (2011). In context, we find plaintiffs' expansive interpretation of the fee-shifting provision in subsection 5(c)(2) as applying to a prevailing party of any claim arising under the Illinois Constitution, regardless of the subject matter or the context in which it was brought, contrary to the statutory scheme. Rather, we find that the fee-shifting provisions in subsection 5(c) provide for attorney fees and costs only where the claimant is a prevailing party on a discrimination claim against a governmental body involving one or more of the identified suspect classes.

¶ 30 Plaintiffs assert that such an interpretation renders the language regarding the Illinois Constitution in subsection 5(c)(2) meaningless and impermissibly imposes limiting language. We disagree. We are mindful that statutes must be construed so no term is rendered superfluous or meaningless, and we must not depart from the plain language of a statute by reading into it exceptions, limitations, or conditions that conflict with the legislative intent. *JPMorgan Chase Bank, N.A. v. Earth Foods, Inc.*, 238 Ill. 2d 455, 461, 939 N.E.2d 487, 490-91 (2010). Subsections 5(a) and 5(b) create a state statutory cause of action for a claim of discrimination based on a suspect class. The basis of that claim could also be subject to a state constitutional cause of action under the equal protection clause (Ill. Const. 1970, art. I, § 2). The language regarding the Illinois Constitution allows a prevailing party who brought a discrimination claim on both statutory and constitutional grounds to be entitled to attorney fees and costs for the entire action.

¶ 31 Plaintiffs contend, citing *Ardt v. State of Illinois*, 292 Ill. App. 3d 1059, 1065, 687 N.E.2d 126, 130 (1997), that a court would never be called upon to allocate fees and costs attributable to a claim brought under both section 5 of the Civil Rights Act (740 ILCS 23/5 (West 2014)) and the state equal protection clause (Ill. Const. 1970, art. I, § 2) as both actions would arise from the same common core of facts or related legal theories. However, as the court observed in *Ardt*, such a proposition may not always be equally applied. *Ardt*, 292 Ill. App. 3d at 1066, 687 N.E.2d at 131 (noting contrasting results in cases for claims brought under the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/10a(c) (West 1992))). The legislature's decision to include clarifying language rather than relying on the interpretation of the courts does not render the language meaningless.

¶ 32 Plaintiffs also cite *Grey v. Hasbrouck*, 2015 IL App (1st) 130267, 33 N.E.3d 819, which they assert "implicitly" rejected the suggestion the fee-shifting provisions in subsection 5(c) of the Civil Rights Act (740 ILCS 23/5(c) (West 2014)) are limited to certain discrimination claims. We disagree. In *Grey*, the court was neither presented with nor did it address such an argument. In fact, the court explicitly noted the defendant did "not dispute that the plaintiffs had the right to sue *** [under] section 5(a) of the Civil Rights Act." *Grey*, 2015 IL App (1st)

130267, ¶ 18, 33 N.E.3d 819. Accordingly, we find *Grey* to be inapposite to the issue before us.

¶ 33     As plaintiffs did not bring a discrimination claim against a governmental body involving one or more of the identified suspect classes, the fee-shifting provisions contained in subsection 5(c) of the Civil Rights Act (740 ILCS 23/5(c) (West 2014)) are inapplicable. The circuit court's dismissal of plaintiffs' fee petition may be affirmed on this ground, and we need not address the court's additional bases for dismissal.

¶ 34                                   III. CONCLUSION
¶ 35     We affirm the circuit court's judgment.

¶ 36     Affirmed.