2019 IL App (1st) 181869

THIRD DIVISION
July 31, 2019

No. 1-18-1869

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| ROBERTO LOPEZ, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17 M1 124511 |
| RENDERED SERVICES, INC., and HECTOR M. LOPEZ, | ) ) ) | Honorable Oran F. Whiting, Judge Presiding. |
| Defendants-Appellants | ) ) | |

JUSTICE ELLIS delivered the judgment of the court, with opinion.
Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff Roberto Lopez sued defendants Rendered Services, Inc. and one of its agents, Hector Lopez, for towing his vehicle in violation of the Illinois Vehicle Code. Plaintiff prevailed at trial. Defendants do not challenge that victory. But they do appeal the award of attorney fees that followed.

¶ 2    Plaintiff persuaded the trial court that a provision in Chapter 4 of the Vehicle Code allowed him an award of attorney fees as a prevailing party. Defendants say, first, that the governing portion of the Vehicle Code is Chapter 18a, which does not permit an award of attorney fees. Second, defendants say that even if the provision in Chapter 4 were applicable, on

its face it permits an award of attorney fees only against the property owner who initiated the towing of the car, and not the company that performed the towing service.

¶ 3    We agree with defendant's second argument and thus need not reach the first. We reverse the award of attorney fees.

¶ 4                                   BACKGROUND

¶ 5    Although this case proceeded to a bench trial, defendants did not include a copy of the trial transcript in the record. So some of the facts that follow are drawn from the complaint or the trial court's written order awarding attorney fees, rather than the actual trial evidence. In any event, we have more than a sufficient basis, from the trial court's fee order alone, to resolve this matter.

¶ 6    On April 6, 2016, plaintiff parked his vehicle in a private parking lot at 2804 West Flournoy Street in Chicago. Around noon, Larry Chalmers, a person with lawful access to plaintiff's car and who was present at the parking lot, saw a tow truck operated by defendants "drive over the curb" and into the parking lot to begin towing plaintiff's car. Chalmers "stepped in front of the tow truck to present himself and to notify [defendant Lopez] that he was willing and able to relocate the vehicle." But Lopez ignored Chalmers's entreaties and continued on, nearly running Chalmers over in the process.

¶ 7    When plaintiff went to defendants' tow yard to get his car, he was told it would not be released unless he paid $218.50. Upon retrieval, plaintiff inspected his car and saw that the front right bumper had been damaged. Plaintiff took the car to a repair shop, which determined that the car had sustained $837.96 in damage.

¶ 8    In September 2017, plaintiff filed this lawsuit. Count I was a claim under section 4-203(f)(3) of the Vehicle Code for "Unlawful Removal of Vehicle." See 625 ILCS 5/4-203(f)(3)

(West 2016). His theory was that defendants violated section 4-203(f) by towing away his vehicle even though a permitted user, Chalmers, was present and willing and able to move it. Count II was a claim for conversion. Count III was a claim for detinue.

¶ 9 Following a bench trial, the court entered judgment in favor of plaintiff on count I "for the reasons stated in open court." The court granted plaintiff leave to petition for attorney fees.

¶ 10 In February 2018, plaintiff filed his fee petition, arguing that liability was based on section 4-203(f) of the Vehicle Code, and that section allows an award of attorney fees to the prevailing party. In response, defendants argued the same two points that they raise on appeal. First, this dispute was governed by Chapter 18a of the Vehicle Code, which contains no provision for awarding attorney fees. Second, even if section 4-203(f) applied, the attorney-fee provision in that section applies only against the property owner, not the towing company.

¶ 11 The court granted plaintiff's fee petition. The court began by clarifying that it based liability on both sections 4-203(f)(3) and 18a-302 of the Vehicle Code (even though plaintiff only pleaded a violation of section 4-203(f)(3)). *Id.* §§ 4-203(f)(3), 18a-302. As to the section 4-203(f) violation, the court noted that both testimony and video evidence had proven that plaintiff's friend, Chalmers, rushed toward defendants' tow truck to claim the vehicle before it was hauled away, and defendants made "little if any effort" to determine whether Chalmers was a permitted user of that vehicle.

¶ 12 Finding the attorney-fee provision in section 4-203(f)(10) applicable, the trial court awarded plaintiff $6,125 in attorney fees. This appeal followed.

¶ 13                              ANALYSIS

¶ 14 The first argument on appeal concerns the intersection of two different statutory schemes contained in the Vehicle Code. One is found in Chapter 18a, the other in Chapter 4. Chapter 18a

does not provide for the award of attorney fees, while Chapter 4, in this context, does. See *id.* § 4-203(f)(10).

¶ 15    But defendants' second argument is that, even if Chapter 4 applies, along with its fee-shifting provision in section 4-203(f)(10), its language does not allow for the award of attorney fees against the towing company and its employee, the only defendants in this case. As we find that issue dispositive, we will move straight to that question. The interpretation of this statutory fee provision is a question of law we review *de novo*. *Thomann v. Department of State Police*, 2016 IL App (4th) 150936, ¶ 25.

¶ 16    Illinois generally follows the "American Rule," providing that, absent statutory authority (or contractual language) to the contrary, each party to ligation must bears its own attorney fees and costs. *Morris B. Chapman & Associates, Ltd. v. Kitzman*, 193 Ill. 2d 560, 572 (2000). Statutes permitting the recovery of attorney fees are thus in derogation of the common law and must be strictly construed. *Thomann*, 2016 IL App (4th) 150936, ¶ 26; *Housing Authority of Champaign County v. Lyles*, 395 Ill. App. 3d 1036, 1038-39 (2009); *Negro Nest, LLC v. Mid-Northern Management, Inc.*, 362 Ill. App. 3d 640, 642 (2005).

¶ 17    " 'A statute, to be construed strictly, should be confined to such subjects or applications as are obviously within its terms and purposes.' " *Erlenbush v. Largent*, 353 Ill. App. 3d 949, 952 (2004) (quoting *Warner v. King*, 267 Ill. 82, 86 (1915)). Our task, then, is to determine whether section 4-203(f) obviously includes within its fee-shifting provision an award of attorney fees against the towing company.

¶ 18    In any event, for reasons we explain below, regardless of whether we employ a strict construction or simply undertake our traditional task of determining the legislature's intent based on the plain language, we would reach the same interpretation of this statutory provision.

¶ 19    Chapter 4, article II of the Vehicle Code governs "Abandoned, Lost, Stolen or Unclaimed Vehicles." 625 ILCS 5/ch. 4, art. II (West 2016). Section 4-203, within article II, concerns "Removal of motor vehicles or other vehicles; Towing or hauling away." *Id.* § 4-203.

¶ 20    Specifically, subsection (f) of section 4-203 provides, in pertinent part, as follows:

"Except as provided in Chapter 18a of this Code, *the owner or lessor of privately owned real property within this State, or any person authorized by such owner or lessor*, *** *may cause* any motor vehicle abandoned or left unattended upon such property without permission *to be removed by a towing service* without liability for the costs of removal, transportation or storage or damage caused by such removal, transportation or storage." (Emphases added.) *Id.* § 4-203(f).

¶ 21    This provision then lists numerous "conditions and restrictions" on the towing of such a vehicle. *Id.* As noted above, the circuit court found that defendants violated one of them, namely defendants' failure to disconnect and release the vehicle to its owner or user if that individual shows up before the vehicle is hauled away. See *id.* § 4-203(f)(3).

¶ 22    Subsection (f)(10) contains the fee-shifting provision:

"*When an authorized person improperly causes a motor vehicle to be removed, such person* shall be liable to the owner or lessee of the vehicle for the cost or removal, transportation and storage, any damages resulting from the removal, transportation and storage, attorney's fee and court costs." (Emphasis added.) *Id.* § 4-203(f)(10).

¶ 23    Defendants say the towing company is not "an authorized person" who "improperly causes a motor vehicle to be removed." *Id.* They take us back to the opening sentence of section 4-203(f), quoted above, which permits "the owner or lessor of privately owned real property within this State, or any person authorized by such owner or lessor" to "cause any motor vehicle

abandoned or left unattended upon such property without permission to be removed by a towing service." *Id.* § 4-203(f). The "authorized person" is the landowner or lessor, or any person authorized by that owner or lessor; that individual does not remove the vehicle personally but, instead, "causes" the vehicle "to be removed by a towing service." Under no circumstances, then, could the "towing service" itself—defendants here—be considered the "authorized person" who "causes" the towing. Thus, because fees may be awarded only against the "authorized person" who "causes" the vehicle to be towed, and a towing company is not such an "authorized person," the fee provision cannot be enforced against defendants.

¶ 24    We agree. Defendants' interpretation squares the permissive language that begins section 4-203(f)—an explicit grant of authority for a private landowner or its authorized person to "cause" a trespassing vehicle to be removed from its property by the towing service—with the language in the fee-shifting provision. It is the "authorized person" who "causes" a vehicle to be removed; it is the "towing service" that removes it.

¶ 25    We reach this conclusion by considering, as we must, the context in which the fee provision appears, the statutory provision as a whole. See *Corbett v. County of Lake*, 2017 IL 121536, ¶ 27. Section 4-203(f) never refers to the towing service as an "authorized person" or as being "authorized" by anything at all. The section consistently refers to the towing service by that precise term or by a similar one using the word "towing." See 625 ILCS 5/4-203(f)(2) (West 2016) ("towing service" must promptly notify law enforcement of tow); *id.* § 4-203(f)(4) (prohibiting "towing service" from giving kickback to property owner); *id.* § 4-203(f)(6) (recordkeeping requirements for "[a]ny towing service"); *id.* § 4-203(f)(9.5) ("no towing service" shall remove certain vehicles from highway); *id.* § 4-203(f)(11) (insurance requirements for "[t]owing companies").

¶ 26   So it is difficult, if not impossible, to think that the fee-shifting provision's reference to an "authorized person" could include the towing service. See *id.* § 4-203(f)(10). And it is perfectly natural and reasonable to read the term "authorized person" to include the landowner or its designee, mentioned as they are in the opening of section 4-203(f) as "the owner or lessor of privately owned real property *** or any person authorized by such owner or lessor." *Id.* § 4-203(f).

¶ 27   The fee-shifting provision's use of the phrase "causes a motor vehicle to be removed" provides further support still for our view. Nowhere in section 4-203(f) is there any reference to the towing company "causing" the trespassing vehicle's removal. In the contexts in which the "towing service" is associated with the towing of the vehicle, it is always the towing service performing or engaging in the towing, not "causing" it. See *id.* (referring to motor vehicle being "removed by a towing service"); *id.* § 4-203(f)(6) ("[a]ny towing service that tows or removes vehicles"); *id.* § 4-203(f)(7) ("[n]o person shall engage in the removal of vehicles" without first filing notice with local community); *id.* § 4-203(f)(9.5) ("no towing service shall engage in the removal of" certain vehicles on highways).

¶ 28   That's keeping with the way we would normally phrase things. We wouldn't naturally say that a quarterback caused a football to be thrown; we'd say he threw it. We wouldn't say a nurse caused the needle to be injected; the nurse injected the needle. But if the nurse did so on the orders of a doctor, we might say that the *doctor* "caused" the needle to be injected. The doctor didn't do so herself, but she caused it to happen by issuing an order.

¶ 29   It's consistent with the dictionaries' understanding, as well. See *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 76 ("It is appropriate to employ a dictionary to ascertain the meaning of an otherwise undefined word or phrase."). The verb "cause" means "to compel by command,

authority, or force," as in "caused him to resign" (emphasis omitted). Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/cause (last visited July 11, 2019) [https://perma.cc/3YTN-P7P6]. To cause means to "[m]ake (something ***) happen," including such synonyms as to "bring about," "trigger," and "induce." Lexico Dictionary, https://www.lexico.com/en/definition/cause (last visited July 11, 2019) [https://perma.cc/86LX-HLPD].

¶ 30    And most importantly, it's consistent with how section 4-203(f) operates. As defendants note, section 4-203(f) does not give a towing company independent authority to remove vehicles from private property. Subsection (f)(8) specifically forbids a towing company from removing a vehicle unless the landowner gives it express instructions to do so. 625 ILCS 5/4-203(f)(8) (West 2016) ("No removal of a vehicle from private property shall be done except upon express written instructions of the owners or persons in charge of the private property upon which the vehicle is said to be trespassing."). So it will always be the landowners or their authorized designees who "cause" the towing, who initiate it—they don't perform the towing themselves, but they instruct someone else, the towing company, to do it.

¶ 31    We would add that it would have been incredibly simple for the General Assembly to clearly express an intent to include towing companies within the fee provision. The legislature didn't have to use the same terminology in the fee provision that it used in the opening sentence of section 4-203(f). For example, instead of using the term "authorized person" in the fee provision, it could have used the term "any person." That's what it did in the subsection immediately following the fee provision: "*Any* person who fails to comply with the conditions and restrictions of this subsection shall be guilty of a Class C misdemeanor and shall be fined not less than $100 nor more than $500." (Emphasis added.) *Id.* § 4-203(11).

¶ 32     And instead of employing the same unique phrase "causes a motor vehicle to be removed" in the fee provision, taken directly from the opening sentence of subsection (f) where it applied only to landowners and their designees, the legislature could have easily roped in towing companies by adding and rearranging a few words, such as "removes or causes to be removed," or something of that nature.

¶ 33     We will not presume that the General Assembly's choice to take essentially the identical, unique phrasing from the opening sentence of section 4-203(f)—where it applied only to landowners/lessors and their designees—and place it within the fee provision, was an accident or mere oversight. Our job is to interpret this statute as written, not to assume that the General Assembly meant something it didn't say. See *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 184 (2007) ("There is no rule of statutory construction that authorizes a court to declare that the legislature did not mean what the plain language of the statute says.").

¶ 34     Nor is it necessarily hard to imagine that the legislature would have drafted the fee provision as we interpret it. The legislature could have reasoned that focusing on the landowner made sense. After all, it is the landowner, not the towing company, who is granted the authority to initiate—to cause—the removal of the vehicle under section 4-203(f). The landowner picks the towing service, and that towing service takes no action unless told to do so by the landowner or its designee. It is not absurd or irrational for the legislature to have decided to place the consequences of an improper vehicle tow on the shoulders of the landowner alone. Whether we would have made the same policy choice is obviously not the issue.

¶ 35     And it's not as if our interpretation lets the towing company off scot-free for violations of section 4-203(f). There are many requirements contained within that subsection that specifically govern these companies. One of them contains a specific, Class A misdemeanor penalty for its

violation. See 625 ILCS 5/4-203(f)(4) (West 2016). And then, as we noted above, there is the catch-all provision in subsection (f)(11) that provides that the violation of any provision of section 4-203(f), by "[a]ny person," is a Class C misdemeanor and subject to a fine. *Id.* § 4-203(f)(11).

¶ 36    In sum, by far the most natural and logical reading of section 4-203(f)(10) of the Vehicle Code is that it awards fees only against the owner or lessor of the property, or someone authorized by that owner or lessor, who orders a vehicle removed from the property, and not the towing company. The award of attorney fees against defendants here, the towing company and its agent, was error. As the underlying judgment against defendants was not appealed, we express no opinion on that judgment.

¶ 37                                    CONCLUSION

¶ 38    The judgment of the circuit court, insofar as it awarded attorney fees against defendants, is reversed.

¶ 39    Reversed.

---

**No. 1-18-1869**

---

| | |
|---|---|
| **Cite as:** | *Lopez v. Rendered Services, Inc.*, 2019 IL App (1st) 181869 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 17-M1-124511; the Hon. Oran F. Whiting, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Donald S. Rothschild, Brian M. Dougherty, and Keith R. Krider, of Goldstine, Skrodzki, Russian, Nemec and Hoff, Ltd., of Burr Ridge, for appellants. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Susan Ritacca, of Chicago, for appellee. |

---