2025 IL App (1st) 242203-U

SIXTH DIVISION
August 29, 2025

No. 1-24-2203

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| STACY WATKINS, | ) | Appeal from the Circuit Court of Cook County |
| Petitioner-Appellee, | ) | |
| v. | ) | No. 21 D 4297 |
| ERIC CHUA, | ) | The Honorable Abbey Fishman Romanek, |
| Respondent-Appellant. | ) | Judge presiding. |

PRESIDING JUSTICE TAILOR delivered the judgment of the court.
Justices C.A. Walker and Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Respondent's failure to comply with our supreme court rules and to provide this court with a sufficient record precludes our review of his appeal. Appeal dismissed.

¶ 2    Eric Chua, acting *pro se,* appeals from circuit court orders that require him to pay child support, attorney's fees, Guardian ad Litem (GAL) fees, and other child-related expenses. According to the record, Eric and Stacy Watkins were in a relationship and had two children together, F.C. and L.C.. On May 19, 2021, after the breakdown of their relationship, Stacy filed a petition for allocation of parental responsibilities concerning their two minor children. She also requested child support and other financial support. Stacy alleged that when she and Eric were

together, he was responsible for the majority of the family's expenses because he earned significantly more money than she did, and she needed financial support from him because she had "insufficient resources and income to solely *** support the reasonable and necessary physical, mental, and emotional health and needs of the children."

¶ 3    On February 7, 2023, the court referred the parties to mediation, and on March 8, 2023, the court appointed a GAL for the parties' minor children and ordered the parties to split the GAL fees equally.

¶ 4    On March 27, 2023, Stacy moved for reallocation of GAL fees "in consideration of the fact that [Eric] earns significantly greater income than [her]." She also filed a petition for temporary and permanent child support and for contribution to the children's minor expenses. She asked the court to order Eric to pay reasonable temporary and permanent child support based on all sources of his income as well as an equitable and disproportionate share of other child-related expenses.

¶ 5    On April 5, 2023, Eric moved to substitute attorneys. The court granted his motion and continued the case. On May 18, 2023, Eric filed his response to Stacy's motion for reallocation for GAL fees and costs. While he admitted that he "was responsible for the majority of the family's expenses", he asserted that Stacy "has the financial ability to contribute equally to the Guardian ad Litem's fees and costs."

¶ 6    On June 2, 2023, Stacy filed a motion for a hearing on discovery objections and for sanctions. She asserted that Eric had unreasonably refused to comply with her discovery requests to turn over information about his income, accounts and assets, which "directly relates to her request for child support and contribution, reallocation of the Guardian ad Litem's fees, and contribution to her attorney's fees and costs." She requested sanctions based on his failure to comply, and asked the court to compel him to do so.

¶ 7 The following month, Eric filed several motions, including a motion for an independent evaluator to make a recommendation to the court regarding the allocation of parental responsibilities, a motion to enroll the minor children in therapy, and a motion for co-parenting counseling. The court set the matters for a hearing on August 14, 2023.

¶ 8 On August 8, 2023, Eric's counsel moved to withdraw, asserting that "irreconcilable differences have arisen" which "mak[e] it impossible to maintain the attorney-client relationship at a level sufficient to provide for the adequate representation in the pending action."

¶ 9 On August 10, 2023, Stacy filed a petition for attorney's fees and costs. She asserted that she had "repeatedly tried to resolve this matter without incurring additional litigation costs" over the years and that "after the parties seemingly reached an agreement," Eric's second attorney of record moved to withdraw. Stacy alleged that she owed her law firm more than $25,000, that she "cannot afford to pay her outstanding balance due for attorney's fees and costs" and that she "certainly cannot withstand incurring additional attorney's fees and costs in this matter." She asked the court to order Eric to contribute to her interim and prospective attorney's fees and costs.

¶ 10 On August 14, 2023, the court held a hearing on Stacy's petition. The hearing transcript is not part of the record. After the hearing, the court issued an order, in which it noted that Eric's net income was $8,024 per month. Eric was ordered to pay $1300 a month in child support with payments starting on August 15, 2023, to enroll the children in health insurance, to pay 100% of the costs associated with the children's extracurricular activities, 100% of the health insurance premiums, and 100% of the children's counseling costs. In addition, the court granted Stacy's motion to reallocate GAL fees so that she would be responsible for 40% and Eric would be responsible for 60% of the fees. The court also granted Eric's counsel's motion to withdraw and continued the remaining petitions and motions.

¶ 11 On September 18, 2023, Eric filed a petition to modify the court's August 14, 2023, order. He asserted that Stacy was earning approximately $67,000 a year, that his income was approximately $77,000 a year, and that because there was "virtually no substantial difference in the amount of gross income available to the parties," there was "no justification" for the court's child support order or for requiring Eric to pay more of the GAL fees and costs. He asked the court to lower his monthly child support payment to $383 per month and to order that the rest of the fees be split equally between the parties.

¶ 12 On November 1, 2023, the court held a hearing on Stacy's petition for contribution to her attorney's fees. The hearing transcript is not part of the record. After the hearing, the court granted Stacy's petition for attorney's fees and ordered Eric to pay $20,000 to Stacy's attorneys.

¶ 13 On November 22, 2023, Eric filed a motion to revoke, vacate, or modify the court's November 1, 2023, order. In response, Stacy argued that the court "did not err in applying the evidence presented before it and in considering the financial records and circumstances of the parties and the needs of the minor children." She asserted that the court was provided with copies of both parties' financial affidavits and supporting documents before the hearing, and that the court reviewed these documents, evaluated the parties' filings and considered the oral arguments presented before reaching its decision.

¶ 14 On February 2, 2024, the court heard argument on Eric's motion to revoke, vacate, modify, or reconsider its November 1, 2023, order, and took the matter under advisement.

¶ 15 On March 15, 2024, the court entered its Allocation Judgment: Allocation of Parental Responsibilities and Parenting Plan, and Child Related Financial Expenses. The order noted that the parties "freely and voluntarily" agreed to "jointly decide any major issues related to the minor

children's education, healthcare, religion, and extracurricular activities" and to have equal parenting time.

¶ 16    On March 22, 2024, the court issued its memorandum of opinion and order denying Eric's motion to revoke, vacate, or modify its November 1, 2023, order. The court noted that it had "reviewed *ad nauseam* all financial documents, courtesy copies, and pleadings in considering its ruling" and found that it "did not err in applying the evidence presented before it or in considering the financial resources and circumstances of the parties and the needs of their minor children." It stated that it had "considered a myriad of factors, involving the past, present, and future abilities, capabilities, and capacities of each respective party[,] *** considered the income, property, and earning potential of both parties, *** the parties' backgrounds and education" and also "considered the parties' past relationship roles and how the parties conducted themselves throughout litigation" before issuing its order. The court noted that "[p]er Eric's 2022 Tax Return tendered to the Court, Eric makes in excess of [$130,000] *** possesses a lengthy amount of experience and time within his current field and has attended and graduated from higher education, benefitting Eric to contract, operate, and grow within his respective field" and that he "owns multiple properties, allowing for passive income." By contrast, the court noted that Stacy "is a special education teacher with a background as a homemaker" and that per her 2022 Tax Return, she earns an annual income of $60,000. The court reasoned that "Eric's ability to earn an increased income double that of Stacy's while still receiving passive rental income from his rental properties weighs in favor of Stacy being awarded interim attorney's fees." The court also found that Eric's repeated substitution of counsel – which "needlessly increase[d] the cost of litigation in an attempt to prevent or deter Stacy from continuing with the litigation" – and his former role as the one primarily responsible for Stacy and the minor children's expenses demonstrated his ability to contribute to Stacy's attorney's fees.

¶ 17    On April 18, 2024, the court ordered the parties to produce financial records, including W2's and bank account statements. Eric then filed a petition to modify the court's August 14, 2023, order, which found that Eric's net income was $8,024 per month. In response, Stacy filed a motion *in limine* that asked the court to bar Eric from testifying regarding his post-2021 income because he "failed to produce a single bank statement from January 1, 2021 to the present" in violation of the court's April 18, 2024, order. She asserted that Eric's "refusal to provide bank statements is intended to mislead the Court with regard to his actual ability to earn income and his current assets."

¶ 18    On September 30, 2024, the court held a hearing on Eric's petition to modify the court's August 14, 2023, order, which addressed the payment of child support and child related costs and expenses. This hearing transcript is not included in the record. After hearing arguments from both parties, the court found that: (1) Eric failed to comply with the requirements of its April 18, 2024, order; (2) the child support amount listed in its August 14, 2023, order was based on Eric's 2022 income in the amount of $136,998; (3) Eric was found in indirect civil contempt for failing to pay the $1,300 per month in child support to Stacy and owed her $8,000; (4) Eric owed Stacy retroactive child support for five months; (5) Stacy's current income was set at $55,000 per year by averaging her 2023 gross annual income and her current annual income; (6) Eric's annual income was set at $109,283 by averaging the three years of income he provided; (7) both parties would be responsible for 50% of the children's education and healthcare costs; and (8) Eric would be solely responsible for costs related to the children's extracurricular activities. The order stated, "This constitutes the final disposition of all of the financial issues in this cause." The court issued an amended order on October 22, 2024, noting that it was "corrected to include an arrearage amount." Eric timely appealed.

¶ 19    Now *pro se,* Eric appeals the circuit court's orders that required him to pay child support, attorney's fees and other costs.  He argues that: (1) the circuit court's adoption of a biased GAL report deprived him of a fair trial; (2) the court's "punishing [him] for changing attorneys" violated due process; (3) the court erred when it ordered him to pay $20,000 to Stacy's attorneys and to pay retroactive child support; and (4) the court's refusal to hear his motions and its decision to "suppress exhibits" violated due process.

¶ 20    As an initial matter, we note that Eric's brief fails to comply with Illinois Supreme Court Rule 341 (eff. Feb. 6, 2013), which governs the procedure concerning appellate briefs. The rule requires a statement of facts, which must "contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal" as well as an argument section, which requires an appellant to present a fully developed argument with adequate legal and factual support. Ill. Sup. Ct. R. 341(h)(6); (h)(7) (eff. Oct. 1, 2020); *Housing Authority of Champaign County v. Lyles*, 395 Ill. App. 3d 1036, 1040 (2009). Failure to properly develop an argument does "not merit consideration on appeal and may be rejected for that reason alone." *Id*. The requirements of Rule 341 are not suggestions; they must be followed so that this court "can properly ascertain and dispose of the issues involved." *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 7; *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8; *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5 ("As a reviewing court, we are entitled to have the issues clearly defined, pertinent authority cited, and a cohesive legal argument presented.") The fact that a party appears *pro se* does not excuse compliance with the rule. *Id.*

¶ 21    The statement of facts section of Eric's brief fails to comply with Rule 341 because it does not adequately explain the underlying proceedings and contains only six citations to the record.

The argument section of his brief does not comply with Rule 341 either, because it contains arguments about evidence that was allegedly presented to the circuit court and statements made at court proceedings without any citation to the record.

¶ 22    This court "is not a depository in which the appellant may dump the burden of argument and research." *Kic v. Bianucci,* 2011 IL App (1st) 100622, ¶ 23 (quoting *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986)). Eric's failure to support his arguments with appropriate citation to the record makes it "next to impossible for this court to assess whether the facts as presented *** are an accurate and fair portrayal of the events in this case." *Collier v. Avis Rent A Car System, Inc.*, 248 Ill. App. 3d 1088, 1095 (1993). Because Eric's brief fails to provide us with the information necessary to determine whether his claims have any merit, it is our right to strike his brief and dismiss the appeal. See *In re Marriage of Petrik*, 2012 IL App (2d) 110495, ¶ 38 (citing *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23 (failure to follow Rule 341 may result in forfeiture of consideration of issues on appeal)).

¶ 23    Even if we wanted to reach the merits of Eric's claims, we lack a sufficient record to do so. Before we can consider a party's appeal, we "must have before [us] the record to review in order to determine whether there was the error claimed by the appellant." *Foutch v. O'Bryant,* 99 Ill. 2d 389, 391 (1984). It is the appellant's burden to present a sufficiently complete record to establish error (*id*. at 391-91), and Eric failed to do so. Eric challenges the circuit court's August 14, 2023, November 1, 2023, and October 22, 2024, orders and claims that the court punished him for changing attorneys, that its calculations for child support were based on "incorrect calculations" and that its "refusal to hear and rule on" his motions demonstrated bias and denied him due process. However, no transcripts or bystander's reports from the relevant hearings are included in the record so it is impossible for us to know what was said or what evidence was

presented. The financial documents tendered to the court, including the parties' tax returns, are not part of the record either. Due to the incompleteness of the record, we must "presume[] that the order[s] entered by the trial court [are] in conformity with the law and had a sufficient factual basis." *Id.* at 392.

¶ 24 Eric failed to comply with the mandates of Rule 341 or to provide us with a sufficient record to review. Therefore, his appeal is dismissed.

¶ 25 Appeal dismissed.